DANIEL RODRIGUEZ, ESQ., SBN 096625
M. SCOTT. FONTES, ESQ., SBN 139567
CHARLES R. CHAPMAN, ESQ., SBN 115505
**RODRIGUEZ & ASSOCIATES**
2020 EYE STREET, BAKERSFIELD, CA  93301
TELEPHONE (661) 323-1400   FAX (661) 323-0132

Attorneys for Plaintiff AE, a minor, by and through
his Guardian ad Litem, MARIBEL HERNANDEZ

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, a minor, by and through his Guardian ad Litem, MARIBEL HERNANDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, TULARE COUNTY CHILD WELFARE SERVICES, CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ,  TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, FAMILY BUILDERS FOSTER CARE, INC., and Does 1 to 100, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff AE, a minor, by and through his Guardian ad Litem, MARIBEL HERNANDEZ, alleges as follows:

## JURISDICTION AND VENUE

1.      By this Complaint Plaintiff AE ("Plaintiff") seeks compensation for:

(a)      FIRST CAUSE OF ACTION: Deliberate indifference to the risk of harm to Plaintiff in violation of the Due Process Clause of the Fourteenth Amendment, against all Defendants, pursuant to 42 U.S.C. §§ 1983, 1988;

(b)      SECOND CAUSE OF ACTION: Negligence, against all Defendants, pursuant to California Government Code §§ 815.2, 815.4, 815.6 and 820, and the common law of the State of California;

(c)      THIRD CAUSE OF ACTION: Defamation and Slander, against Defendants FAMILY BUILDERS FOSTER CARE, INC., Doe 51 and Doe 52, under California law; and

(d)      FOURTH CAUSE OF ACTION: Invasion of Privacy by Publication of Private Facts, against Defendants FAMILY BUILDERS FOSTER CARE, INC., Doe 51 and Doe 52, under California law.

The Court has jurisdiction over Plaintiffs' Federal Civil Rights claim under 42 U.S.C. §§ 1983, 1988, pursuant to 28 U.S.C. §§ 1331, 1343.  The Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (a) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (b) Defendants reside within this judicial district.

## PARTIES AND OTHER RELEVANT ACTORS

3.      Plaintiff AE, a minor, was born in 1998.  Plaintiff AE is identified by his initials pursuant to Local Rule 140(a)(i).

4.      MARIBEL HERNANDEZ is the mother of Plaintiff AE.  The application by MARIBEL HERNANDEZ for her appointment as Guardian ad Litem for Plaintiff AE is filed herewith, or will be filed forthwith.

5.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein.

6.      Defendant COUNTY OF TULARE is, and at all times mentioned herein was, a political subdivision of the State of California.

7.      Defendants TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES are, and at all times mentioned herein were, departments of Defendant COUNTY OF KERN organized and

existing under the Municipal Code, Ordinances and/or Charter of Defendant COUNTY OF TULARE and the laws of the State of California.

8.      Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES shall hereafter be referred to collectively as "the County Defendants."

9.      At all relevant times herein, individual Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ,  TIFFANY BREEN, LETICIA QUEZADA,  MARIE FOCHA, MIRIAM SALLAM, and Does 1 to 100, inclusive, were employees, agents, ostensible and apparent employees, and/or ostensible and apparent agents, of Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES, and each of them, and were acting within the course and scope of such agency, employment, ostensible and apparent employment, and/or ostensible and apparent agency.

10.      At all relevant times herein, in performing and engaging in the acts and/or omissions alleged herein, individual Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ,  TIFFANY BREEN, LETICIA QUEZADA,  MARIE FOCHA, MIRIAM SALLAM, and Does 1 to 100, inclusive, were acting under color of law, to wit, under the statutes of the State of California and within their employment with, and under the ordinances, regulations, customs, and practices of Defendant COUNTY OF TULARE and: (a) Defendant TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY; and/or (b) Defendant TULARE COUNTY CHILD WELFARE SERVICES.

11.     At all relevant times herein: (a) Defendant YADIRA PORTILLO was under the supervision and control of Team Leader Defendant PRUDENCE MORRIS; and (b) Team Leader Defendant PRUDENCE MORRIS had actual and/or constructive notice of all facts known by Defendant YADIRA PORTILLO.

12.     At all relevant times herein: (a) Defendant CELESTE ABARCA was under the supervision and control of Team Leader Defendant PATRICIA NEGRETTE; and (b) Team Leader Defendant PATRICIA NEGRETTE had actual and/or constructive notice of all facts known by Defendant PATRICIA NEGRETTE.

13.     Defendant FAMILY BUILDERS FOSTER CARE, INC. is a California corporation.

14.     At all relevant times herein, Defendants Does 51 through 100, inclusive, were employees, agents, ostensible and apparent employees, and/or ostensible and apparent agents, of Defendant FAMILY BUILDERS FOSTER CARE, INC., and were acting within the course and scope of such agency, employment, ostensible and apparent employment, and/or ostensible and apparent agency.

15.     At all relevant times herein, Defendant FAMILY BUILDERS FOSTER CARE, INC. was licensed and/or registered by the State of California and/or Defendant COUNTY OF TULARE as a Foster Family Agency.  As part of its services, Defendant FAMILY BUILDERS FOSTER CARE, INC. worked with public social service agencies that placed children in foster homes.  Said children were referred Defendant FAMILY BUILDERS FOSTER CARE, INC. by such agencies to be placed in foster homes.

16.     At all relevant times herein, Defendant FAMILY BUILDERS FOSTER CARE, INC. selected, referred and appointed: (a) Defendant Doe 51 as the foster father of Plaintiff, and Defendant Doe 52 as the foster mother of Plaintiff; and (b) the home owned, controlled, operated and/or managed by Defendants Doe 1 and Doe 2 as the foster family home for Plaintiff.

17.     At all relevant times herein, Defendant Doe 51 was the foster father of Plaintiff.

18.     At all relevant times herein, Defendant Doe 52 was the foster mother of Defendant.

19.     At all relevant times herein, the home owned, controlled, operated and/or managed by Defendants Doe 51 and Doe 52 was the foster family home for Plaintiff.

20.     In performing and engaging in the acts alleged herein, Defendants Doe 51 and Doe 52 where actual or ostensible agents and/or employees of Defendant FAMILY BUILDERS FOSTER CARE, INC., and were acting within the scope of such actual or ostensible agency and/or employment.

21.     In performing and engaging in the acts and/or omissions alleged herein, Defendants DOES 51 through 100, inclusive, were acting: (a) under color of law, to wit, under the statutes of the State of California and or the statutes, ordinances, codes and regulations of Defendant COUNTY OF TULARE; (b) as officers, agents, directors and/or employees of the Defendant FAMILY BUILDERS FOSTER CARE, INC.; and (c) under the ordinances, regulations, rules, procedures, customs, and practices of Defendant FAMILY BUILDERS FOSTER CARE, INC.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

22.     Plaintiffs have complied with the California Tort Claims Act, California Government Code § 910 et seq.

23.     On or about September 4, 2008, Defendants, and each of them, first seized and took legal and physical custody and control of Plaintiff AE from his mother, MARIBEL HERNANDEZ.  At all relevant times herein, Plaintiff AE was in and subject to the exclusive legal custody and control of Defendants, and each of them.  As a result, Defendants, and each of them, had, pursuant to, <u>e.g.</u>, <u>Hernandez v. Texas Dept. of Protective and Regulatory Services</u>, 380 F.3d 872 (5th Cir. 2004); <u>Lewis v. Anderson</u>, 308 F.3d 768, 773 (7th Cir. 2002); <u>Lintz v. Skipski</u>, 25 F.3d 304 (6th Cir. 1994), <u>cert. denied</u>, 514 U.S. 988 (1994); <u>Norfleet v. Department of Human Services</u>, 989 F.2d 2899 (8th Cir. 1993); <u>K. H. v. Morgan</u>, 914 F.2d 846 (7th Cir. 1990); <u>Yvonne L. v. Department of Human Services</u>, 959 F.3d 883 (10th Cir. 1992);  <u>Taylor ex rel. Walker v. Ledbetter, 818 F.2d 791</u> (11th Cir. 1987) (en banc); <u>Doe v. Department of Social Services</u>, 649 F.2d 134, 141 (2nd Cir. 1981), <u>cert. denied</u>, 464 U.S. 864 (1983); <u>Ronald S. v. County of San Diego</u>, (1993) 16 Cal.App.4th 887, 898, <u>see also</u> <u>Scott v. County of Los Angeles</u>, 27 Cal.App.4th 125, 139–142 (1994), <u>Elton v. County of Orange</u>, 3 Cal.App.3d 1053, 1058 (1970), a special relationship under both federal and state law with Plaintiff AE such that Defendants had a ministerial and non-delegable duty to protect Plaintiff AE from the harm, injuries and damages set forth herein.

24.     After seizing and taking exclusive custody and control of Plaintiff AE on or about September 4, 2009, Defendants, and each of them, physically transferred Plaintiff to Defendant FAMILY BUILDERS FOSTER CARE, INC., a Foster Family Agency, and/or a foster family or foster parents, Defendants Doe 51 and Doe 52.  At all relevant times herein, Defendant FAMILY BUILDERS FOSTER CARE, INC., a Foster Family Agency, and said

foster family or foster parents, Defendants Doe 51 and Doe 52, were under the legal supervision and control of Defendants, and each of them.

25.     Defendant FAMILY BUILDERS FOSTER CARE, INC., a Foster Family Agency, and the foster family or foster parents to whom Plaintiff was physically transferred, were employees, agents, ostensible and apparent employees, or ostensible and apparent agents of Defendants, and each of them, and acting within the course and scope of such employment, agency, ostensible and apparent employment, or ostensible and apparent agency.

26.     At all relevant times herein Defendants, and each of them, had received actual and/or constructive notice, knew or should have known, and were subjectively and objectively deliberately indifferent to the fact that: (a) it was unreasonably and recklessly dangerous to place and/or transfer physical custody and control of Plaintiff to Defendant FAMILY BUILDERS FOSTER CARE, INC., a Foster Family Agency, and the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred; (b) the 17 year old boy who, as alleged below, physically and sexually assaulted and battered Plaintiff was dangerous and posed a threat to Plaintiff and/or minors such as Plaintiff; (c) it was unreasonably and recklessly dangerous to place Plaintiff in the same foster home, or with the same foster parents, Defendants Doe 51 and Doe 52, as the 17 year old boy who physically and sexually assaulted and battered Plaintiff; and (d) such negligence, unreasonableness recklessness, and deliberate indifference was an actual, legal and proximate cause of Plaintiff's damages as alleged herein.

Solely for example, and without limitation, at all relevant times herein: (a) Defendants, and each of them, knew or reasonably should have known that the 17 year old boy who physically and sexually assaulted and battered Plaintiff was a dependent of the Court, on probation, on the caseload of social worker Defendant HEIDI WILLIAMS, and was dangerous to Plaintiff and minors such as Plaintiff; and (b) social worker Defendant

HEIDI WILLIAMS knew that the 17 year old boy who physically and sexually assaulted and battered Plaintiff was a dependent of the Court and on probation

At all relevant times herein: (a) the selection and retention by Defendants, and each of them, of Defendant FAMILY BUILDERS FOSTER CARE, INC., a Foster Family Agency, and/or the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred was negligent, reckless and dangerous; and (b) such negligence, unreasonableness and recklessness was an actual, legal and proximate cause of Plaintiff's damages as alleged herein.

27.     At all relevant times herein, Defendant FAMILY BUILDERS FOSTER CARE, INC. knew, or reasonably should have known, and was objectively, subjectively and recklessly deliberately indifferent to the fact that:

(a)     it had not properly and reasonably evaluated, screened, trained, certified, licensed, supervised and monitored the foster parents and foster homes to which it had transferred and assigned foster children, and in particular had not properly and reasonably evaluated, screened, trained, certified, licensed, supervised and monitored the foster parents and foster homes to whom Plaintiff was transferred and assigned;

(b)     the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred had not been properly evaluated, screened, or trained to be foster parents;

(c)     the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred were not properly supervising or monitoring the minors in their care; and

(d)   the 17 year old boy who physically and sexually assaulted and battered Plaintiff was a dependent of the Court, on probation, on the caseload of social worker Defendant HEIDI WILLIAMS, and was dangerous to Plaintiff and minors such as Plaintiff.

28.   At all relevant times herein, Defendants, and each of them, knew, or reasonably should have known, and were objectively, subjectively and recklessly deliberately indifferent to the fact that:

(a)   Defendant FAMILY BUILDERS FOSTER CARE, INC. had not been properly evaluated, screened, trained, certified, licensed, supervised, or monitored to adequately place, monitor and supervise children in foster homes referred to it by said Defendants;

(b)   Defendant FAMILY BUILDERS FOSTER CARE, INC. did not properly and reasonably evaluate, screen, train, certify, license, supervise and monitor the foster parents and foster homes to which it transferred and assigned foster children, and in particular had not properly and reasonably evaluated, screened, trained, certified, licensed, supervised and monitored the foster parents and foster homes to whom Plaintiff was transferred and assigned;

(c)   the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred had not been properly evaluated, screened, or trained to be foster parents;

(d)    the foster family or foster parents, Defendants Doe 51 and Doe 52, to whom Plaintiff was physically transferred were not properly supervising or monitoring the minors in their care; and

(e)    the 17 year old boy who physically and sexually assaulted and battered Plaintiff was a dependent of the Court, on probation, on the caseload of social worker Defendant HEIDI WILLIAMS, and was dangerous to Plaintiff and minors such as Plaintiff

Defendants failed to adequately and reasonably supervise and monitor, and were indeed objectively and subjectively reckless and deliberately indifferent to, Defendant FAMILY BUILDERS FOSTER CARE, INC. and the foster family or foster parents to whom Plaintiff was physically transferred, to the detriment of children in their care, including Plaintiff.

29.    The negligence and deliberate indifference on the part of Defendants, and each of them (including the individual Defendants), is not limited to those acts and omissions described above, but also includes the negligent and deliberately indifferent hiring, retaining, appointing, selecting, training, and/or supervising of those persons responsible for the negligent, reckless, intentional and otherwise wrongful conduct, acts and omissions alleged herein.  The individual Defendants who were in supervisory positions, including but not limited to Team Leader Defendants PRUDENCE MORRIS, PATRICIA NEGRETTE and MARIE FOCHA, were negligent in their hiring, retention, appointment, selection, training and/or supervision of the employees under supervision and control.

30.    On or about November 5, 2008, Defendants YADIRA PORTILLO and COURTNEY WAMPLER, who at all relevant times herein were social workers employed by Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN

SERVICES AGENCY, and TULARE COUNTY CHILD WELFARE SERVICES, were informed by a "reporting party" that Plaintiff AE had been physically assaulted by his 17 year old boy foster brother.  It was reported that Plaintiff was hit on the chest and had a 3½ by 5 inch bruise on his left shoulder.  At that time, Plaintiff informed Defendant CWA FELIX that two weeks prior, he witnessed the 17 year old boy stealing money from the foster parent.  Plaintiff further stated that he advised the foster parent of the theft, and as a result his foster brother, the 17 year old boy, socked him in the face and threatened him.  Defendants YADIRA PORTILLO and COURTNEY WAMPLER took a picture of the bruise.  A foster parent informed Defendants YADIRA PORTILLO and COURTNEY WAMPLER that the 17 year old boy was a dependent of the Court and on probation.  Said foster parent also informed said Defendants that on or about November 4, 2008, Plaintiff informed her that the 17 year old boy was taking too long in the shower.  Said foster parent wiggled the door and the 17 year old boy cursed her because he believed it was Plaintiff who was wiggling the door.

On or about November 5, 2008, as at all relevant times herein, Defendants YADIRA PORTILLO and COURTNEY WAMPLER knew or reasonably should have known that: (a) it was unreasonably and recklessly dangerous to maintain physical custody or control of Plaintiff to Family Builders Foster Care, Inc., a Foster Family Agency, and the foster family or foster parents to whom Plaintiff had been physically transferred; and (b) the 17 year old boy who, as alleged below, physically and sexually assaulted and battered Plaintiff was dangerous and posed a threat to Plaintiff and/or minors such as Plaintiff.

Despite Defendants' knowledge of these facts, Defendants failed and refused to remove Plaintiff from the foster home, his foster parents, his foster placement, or Family Builders Foster Care, Inc., the Foster Family Agency, but instead deliberately and intentionally chose to maintain and retain Plaintiff with said foster home, foster parents, foster placement and the Family Builders Foster Care, Inc. Foster Family Agency.

31.     On or about November 20, 2008, Plaintiff's mother, MARIBEL HERNANDEZ, stated to Defendant CWA FELIX that she noticed her two younger children were dressed nicely all of the time, but that Plaintiff was not.  Plaintiff's mother further stated that she knew Plaintiff better than anyone else and that he did not want to talk to her about what was really going on in the foster placement.  Plaintiff's mother requested that she would like Plaintiff to be moved from his current foster placement to a different foster placement.

Plaintiff's mother then asked Plaintiff if he had been taken to a doctor appointment last week.  Plaintiff indicated that he had not been taken to the appointment.  Defendant CWA FELIX spoke to the foster mother and inquired about Plaintiff's doctor appointment.  The foster mother stated she did not know when his appointment was and turned to look at Plaintiff to ask him.  Defendant CWA FELIX questioned the foster mother about this.  The foster mother indicated that it was Plaintiff, a then 9 year old child, who kept record of his doctor's appointments.  As a result, Defendant CWA FELIX received further actual and constructive notice that the foster mother was negligent in her care, supervision and protection of Plaintiff.

Despite Defendants' knowledge of these facts, Defendants failed and refused to remove Plaintiff from the foster home, his foster parents, his foster placement, or Family Builders Foster Care, Inc., the Foster Family Agency, but instead deliberately and intentionally chose to maintain and retain Plaintiff with said foster home, foster parents, foster placement and the Family Builders Foster Care, Inc. Foster Family Agency.

32.     On or about November 25, 2008, Defendant PRUDENCE MORRIS received a telephone call from Defendant DR. SOTO, who informed that during an SCIU evaluation Plaintiff stated to Defendant DR. SOTO that while he was brushing his teach, showering, or using the bathroom the 17 year old boy would enter the bathroom, tell Plaintiff to hurry up, and curse Plaintiff.

Thereafter, Defendants YADIRA PORTILLO and COURTNEY WAMPLER spoke with Plaintiff, who informed them that the 17 year old boy would unlock the bathroom door using his nail and threatened to "kick [Plaintiff's] ass."  Plaintiff informed said Defendants that his foster parent was aware of this because he had talked to the older boy.  Said Defendant's remedy was to instruct Plaintiff to use the bathroom downstairs.  Plaintiff requested to speak with his mother by phone.  Said Defendants refused to allow Plaintiff to speak with his mother by phone, but instead informed Plaintiff that: (a) he could write letters to his mother; and (b) said letters would be reviewed before they were forwarded to Plaintiff's mother.  As a result, Plaintiff honestly and reasonably believed that any letter he might write to his mother would be reviewed by his foster parents.

Despite Defendants' knowledge of these facts, Defendants failed and refused to remove Plaintiff from the foster home, his foster parents, his foster placement, or Family Builders Foster Care, Inc., the Foster Family Agency, but instead deliberately and intentionally chose to maintain and retain Plaintiff with said foster home, foster parents, foster placement and the Family Builders Foster Care, Inc. Foster Family Agency.

33.     On or about November 26, 2008, Defendant YADIRA PORTILLO followed-up with Plaintiff's therapist, Defendant ADRIAN MARQUEZ of TYSB.  According to Defendant ADRIAN MARQUEZ, he felt there was a need to place more responsibility on the foster mother in supervising the actions of the children in the home.  Defendant ADRIAN MARQUEZ further indicated that he did not believe Plaintiff had been making allegations to seek attention, but was instead minimizing the behavior of the alleged perpetrator, the 17 year old boy.

Despite Defendants' knowledge of these facts, Defendants failed and refused to remove Plaintiff from the foster home, his foster parents, his foster placement, or Family Builders Foster Care, Inc., the Foster Family Agency, but instead deliberately and intentionally chose to maintain and retain Plaintiff with said foster home, foster parents, foster placement and the Family Builders Foster Care, Inc. Foster Family Agency.

34.     On or about December 10, 2008, Plaintiff's foster parent(s), Defendant Doe 51 and/or Doe 52, informed Defendant YADIRA PORTILLO during a telephone call that on or about December 5 or 6, 2008 Plaintiff informed her (i.e., Plaintiff's foster parent(s), Defendant Doe 51 and/or Doe 52,) that the 17 year old boy went into his bedroom and attempted to get into his bed and pull his pants down.

Despite Defendants' knowledge of these facts, Defendants failed and refused to officially remove Plaintiff from his placement with Family Builders Foster Care, Inc., the Foster Family Agency, and the foster home and foster parents with whom he had been placed, but instead deliberately and intentionally chose to maintain such official placement.

35.     On or about December 12, 2008, Defendant YADIRA PORTILLO received a telephone call from a man who identified himself as Plaintiff's uncle.  The man asked what the agency was doing with his nephew.

On the same day, Defendant YADIRA PORTILLO received a call from Deputy Guerrero (Badge #G3008) from the Pixle Substation.  Deputy Guerrero stated that a man who claimed to be the brother of Maribel Esclera (i.e., MARIBEL HERNANDEZ, Plaintiff's mother) claimed that the agency was covering up an incident that occurred with his nephew and he wanted the Sheriff to pick up Plaintiff from foster care.

On or about the same day, Defendant YADIRA PORTILLO contacted Plaintiff's mother, who informed Defendant YADIRA PORTILLO that she had related to Defendant CW FELIX her concerns that she wanted Plaintiff to be removed from his current foster home, foster parents and foster placement.  Plaintiff's mother further informed Defendant YADIRA PORTILLO what she was unable to communicate to Defendant TIFFANY BREEN because Defendant TIFFANY BREEN did not speak Spanish.

On or about the same day, Defendant YADIRA PORTILLO, Officer Robertson of the Tulare Police Department, and social worker MIRIAM SALLAM interviewed Plaintiff.

Plaintiff disclosed to Officer Robertson that he had been sodomized and forced to do oral copulation by the perpetrator, the 17 year old.

Despite Defendants' knowledge of these facts, Defendants failed and refused to remove Plaintiff from the foster home, his foster parents, his foster placement, or Family Builders Foster Care, Inc., the Foster Family Agency, but instead deliberately and intentionally chose to maintain and retain Plaintiff with said foster home, foster parents, foster placement and the Family Builders Foster Care, Inc. Foster Family Agency.

36.     On or about December 12 and/or 15, 2008, Defendants YADIRA PORTILLO and/or LETICIA QUEZADA informed Plaintiff's mother, MARIBEL HERNANDEZ, for the first time that Plaintiff had been assaulted, battered, sexually abused, sodomized and orally copulated by another dependent at the foster home – i.e., the 17 year old boy referred to herein.  Said Defendants informed Plaintiff's mother that Plaintiff had been moved to another foster home.

37.     On or about December 15, 2008, YADIRA PORTILLO, Tulare Police Department Detective Hinojosa, Forensic Interview Specialist Rene Newman and Deputy District Attorney Ruth McKee interviewed Plaintiff.  Plaintiff stated that perpetrator, the 17 year old, did "nasty stuff" to Plaintiff that Plaintiff did not like.  When asked to clarify, Plaintiff stated "he pulls my pants down."  Plaintiff stated that on the night of the incident the 17 year old came into his room and pulled his pants down.  Plaintiff stated that he was asleep when the 17 year old entered his room and he woke up when he felt the 17 year old pulling his pants down.  Plaintiff stated that he then stood up on the bed and the 17 year old "put his thingy in his mouth."  Plaintiff stated the 17 year old threatened to "hit him" if Plaintiff did not do what he was told.  Plaintiff stated that he did not want to do this but he was afraid of the 17 year old.  Plaintiff said the 17 year old was holding his head and he was holding his mouth on him.  When asked if anything came out of the 17 year old's penis, Plaintiff responded yes, "sperm."  When asked where it went, Plaintiff responded in his

mouth and stomach.  Plaintiff stated that the 17 year old left the room to take a shower.
Plaintiff stated that he then went to brush his teeth and then went back to his room.  Plaintiff
then stated that the 17 year old returned to his room and woke him up. Plaintiff then stated
that the 17 year old then "put his things in his butt."  When asked how he was positioned
when this happened, Plaintiff responded that he was sitting on the bed.  To clarify how this
happened, Forensic Interview Specialist Rene Newman handed Plaintiff a doll and asked
him to demonstrate.  Plaintiff showed that he was bent over by showing this position with
the doll.  Plaintiff stated that he told the 17 year old to "back off" but he didn't.  Plaintiff
stated the 17 year old "stuck it in his butt."  Plaintiff also identified two other possible
victims in the interview.

Also on or about December 15, 2008, Defendant YADIRA PORTILLO met with
Team Leader Defendant MARIE FOCHA to reassess the placement of Plaintiff.  It was
decided that for the best interest of Plaintiff that he be removed from his placement and
placed in another foster home.  The move occurred on or about December 15, 2008.


38.    At all relevant times herein, the 17 year old who assaulted, battered, sexually
abused, sodomized and orally copulated Plaintiff threatened Plaintiff and instructed and
ordered Plaintiff not to tell anyone what had happened and not to report the assault, battery
and sexual abuse.  In response to and because of such threats and orders by the 17 year hold
who had assaulted, battered, and sexually abused him, and because he was in fear of his
health, safety and life, Plaintiff did not report assaults, batteries and sexual abuse until on or
about December 10 and 15, 2008, as alleged above.


39.    In addition to the notice and constructive notice of facts alleged herein, at all
relevant times herein prior to the date, on or about December 12 and/or 15, 2008, when
Defendants YADIRA PORTILLO and LETICIA QUEZADA informed Plaintiff's mother,
MARIBEL HERNANDEZ, for the first time that Plaintiff had been assaulted, battered,
sexually abused, sodomized and orally copulated by the 17 year old boy, Plaintiff's mother,

MARIBEL HERNANDEZ, repeatedly and consistently informed and attempted to inform Defendants, and each of them, that: (a) Plaintiff was not the "same person" while he was in the physical custody, supervision and care of Family Builders Foster Care, Inc. and the foster family or foster parents to whom Plaintiff was physically transferred; (b) she knew her son very well and believed something was wrong; (c) her son, Plaintiff, was tired and fatigued; (d) Plaintiff chose his words very carefully so he would not "get into trouble"; (e) she wanted the individual Defendants to talk to Plaintiff and ask if there were any problems with the foster home Plaintiff was in; (f) Plaintiff should be placed in another foster home because she did not feel comfortable with his current placement; (g) her son, Plaintiff, did want to, and was afraid to, talk about what was really going on in his placement and foster home; (h) her son, Plaintiff, always wore the same clothes; and (i) Plaintiff was suffering from poor hygiene and poor care at his current foster home.

40.     At all relevant times herein until Defendants YADIRA PORTILLO and LETICIA QUEZADA informed Plaintiff's mother, MARIBEL HERNANDEZ, on or about December 15, 2008 that Plaintiff had been assaulted, battered, sexually abused, sodomized and orally copulated by another dependent at the foster home (i.e., the 17 year old boy referred to herein), Defendants, and each of them, failed and refused to exercise any discretion, make a conscious decision, or engage in, conduct or perform a conscious balancing of risks and advantages concerning: (a) the placement of Plaintiff with Family Builders Foster Care, Inc., a Foster Family Agency, and his then foster family, foster placement or foster parents; (b) the retention and continuing physical control and supervision of Plaintiff by and with Family Builders Foster Care, Inc., a Foster Family Agency, and his then foster family, foster placement or foster parents; or (c) its placement, monitoring, and supervision of Plaintiff.

41.     At all relevant times herein, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY

CHILD WELFARE SERVICES, and each of them, had a mandatory duty, within the meaning of California Government Code § 815.6, to comply with the requirements of California Welfare and Institutions Code § 16501.1(f)(12), which provides:

> (f) The case plan **shall** be developed as follows:
>
> * * *
>
> (12) A child **shall** be given a meaningful opportunity to participate in the development of the case plan **and state his or her preference for foster care placement**. A child who is 12 years of age or older and in a permanent placement shall also be given the opportunity to review the case plan, sign the case plan, and receive a copy of the case plan.

Cal. Welf. & Inst. Code § 16501.1(f)(12) (emphasis added).

At all relevant times herein, Defendants, and each of them, failed to perform their mandatory duty under California Welfare and Institutions Code § 16501.1(f)(12) to give Plaintiff, "a meaningful opportunity to participate in the development of the case plan and state his or her preference for foster care placement." It was certainly not Plaintiff's "preference" to be placed and retained in a Foster Family Agency, a foster home, and with foster parents where he was subjected to continuing physical, sexual and emotional abuse and degradation.

Said failure to perform a mandatory duty was an actual, legal and proximate cause of Plaintiff's injuries and damages alleged herein.

42.    At all relevant times herein, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES, and each of them, had a mandatory duty, within the

meaning of California Government Code § 815.6, to comply with the requirements of California Penal Code § 11166(j), which provides in relevant part:

> (j) A county probation or welfare department **shall** immediately, or as soon as practicably possible, report by telephone, fax, or electronic transmission to the law enforcement agency having jurisdiction over the case, to the agency given the responsibility for investigation of cases under Section 300 of the Welfare and Institutions Code, and to the district attorney's office every known or suspected instance of child abuse or neglect, as defined in Section 11165.6 . . . . A county probation or welfare department also shall send, fax, or electronically transmit a written report thereof within 36 hours of receiving the information concerning the incident to any agency to which it makes a telephone report under this subdivision.

Cal. Pen. Code § 11166(j) (emphasis added).

In turn, California Penal Code § 11165.6 provides in relevant part:

> As used in this article, the term "child abuse or neglect" **includes physical injury** or death **inflicted by other than accidental means upon a child by another person**, **sexual abuse as defined in Section 11165.1**, **neglect as defined in Section 11165.2**, **the willful harming or injuring of a child or the endangering of the person or health of a child, as defined in Section 11165.3**, and unlawful corporal punishment or injury as defined in Section 11165.4.  * * * *

Cal. Pen. Code § 11165.6 (emphasis added).

At all relevant times herein, Defendants failed to timely make the reports required by California Penal Code §§ 11166(j) in that, solely for example and without limitation:

(a)     On or about November 5, 2008, Defendants, and each of them, failed to timely make the required Penal Code § 11166(j) reports that: (i) the 17 year old had physically assaulted Plaintiff, causing a 3 ½ by 5 inch bruise on Plaintiff's left shoulder; and (ii) Plaintiff had reported that the 17 year old had previously punched Plaintiff in the face and threatened Plaintiff.

(b)     On or about November 25, 2008, Defendants, and each of them, failed to timely make the required Penal Code § 11166(j) reports that the 17 year old boy would enter the bathroom while Plaintiff was showering or using the bathroom, curse Plaintiff, and threaten to kick Plaintiff's ass. More specifically, such a report was required because:

(i)     under section 11166(j), Defendants must report "every known or suspected instance of child abuse or neglect, as defined in Section 11165.6";

(ii)    under section 11165.6, the term "child abuse or neglect" includes "the endangering of the person or health of a child, as defined in Section 11165.3"; and

(iii)   under section 11165.3, "'the willful harming or injuring of a child or the endangering of the person or health of a child,' means a situation in which any person willfully causes or permits any child to suffer, or inflicts thereon, unjustifiable physical pain **or mental suffering** . . . ." See Cal. Pen. Code § 11165.3.  When the 17 year old entered

the bathroom while Plaintiff was showering or using the bathroom, cursed Plaintiff, and threatened to kick Plaintiff's ass, the 17 year old, at minimum, caused Plaintiff to suffer, and inflicted on Plaintiff, unjustifiable mental suffering within the meaning of section 11165.3.

(c)     On or about December 10, 2008, Defendants, and each of them, failed to timely make the required Penal Code § 11166(j) reports that Plaintiff's foster parent(s), Defendant Doe 51 and/or Doe 52, had informed Defendant YADIRA PORTILLO that Plaintiff had informed her that the 17 year old went into Plaintiff's room, attempted to get into his bed, and pull Plaintiff's pants down.

Said failures to perform mandatory duties were an actual, legal and proximate cause of Plaintiff's injuries and damages alleged herein.

43.     At all relevant times herein, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES, and each of them, had a mandatory duty, within the meaning of California Government Code § 815.6, to comply with the requirements of Regulation 31-130.11 of the California Health and Human Services Agency, Department of Social Services, Child Welfare Services Manual of Policies and Procedures ("DSS Manual").  The regulations in the DSS Manual: (i) are regulations established by the DSS pursuant to California Welfare and Institutions Code § 16501; (ii) were duly adopted pursuant to the Administrative Procedures Act, California Government Code §§ 11340 et seq., and filed with the Secretary of State; and (iii) as a result, "have the force of law and are matters subject to mandatory judicial notice."  See Scott v. County of Los Angeles, 27 Cal.App.4th 125, 145 (1994).

DSS Manual Regulation 31-130.11 provides:

.1 The social worker **shall** request law enforcement assistance under either of the following circumstances:

.11 The physical safety of family members or county staff is endangered.

DSS Manual Regulation 31-130.11 (emphasis added).

At all relevant times herein, Defendants failed to request law enforcement assistance in violation of Regulation 31-130.11 in that, solely for example and without limitation:

(a)   On or about November 5, 2008, Defendants, and each of them, failed to request law enforcement assistance despite the fact that: (i) the 17 year old had physically assaulted Plaintiff, causing a 3½ by 5 inch bruise on Plaintiff's left shoulder; (ii) Plaintiff had reported that the 17 year old had previously punched Plaintiff in the face and threatened Plaintiff; and (iii) as a result, it was clear that Plaintiff's physical safety was endangered.

(b)   On or about November 25, 2008, Defendants, and each of them, failed to request law enforcement assistance despite the fact that: (i) the 17 year old boy would enter the bathroom while Plaintiff was showering or using the bathroom, curse Plaintiff, and threaten to kick Plaintiff's ass; and (ii) as a result, it was clear that Plaintiff's physical safety was endangered.

(c)   On or about December 10, 2008, Defendants, and each of them, request law enforcement assistance despite the fact that:  (i) Plaintiff's foster

parent(s), Defendant Doe 51 and/or Doe 52, had informed Defendant YADIRA PORTILLO that Plaintiff had informed her that the 17 year old went into Plaintiff's room, attempted to get into his bed, and pull Plaintiff's pants down; and (ii) as a result, it was clear that Plaintiff's physical safety was endangered.

44.     At all relevant times herein, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES, and each of them, had a mandatory duty, within the meaning of California Government Code § 815.6, to comply with the requirements of Regulation 31-405.1(l) of the DSS Manual, which provides:

> .1 When arranging for a child's placement the social worker **shall**:
> * * *
> (l) Monitor the child's physical and emotional condition, **and take necessary actions** to safeguard the child's growth and development while in placement.

DSS Manual Regulation 31-405.1(l) (emphasis added).   Defendants, and each of them, did not monitor Plaintiff's physical and emotional condition and, perhaps more importantly, did not "take **necessary** actions to safeguard [Plaintiff's] growth and development while in placement."  The acts necessary to "safeguard [Plaintiff's] growth and development while in placement" would have protected Plaintiff for physical, emotional and sexual assault and battery.

45.     At all relevant times herein, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY and TULARE COUNTY CHILD WELFARE SERVICES, and each of them, had a mandatory duty, within the

meaning of California Government Code § 815.6, to comply with the requirements of California Welfare and Institutions Code § 16501.1(c)(1), which provides:

> (c)(1) If out-of-home placement is used to attain case plan goals, the decision regarding choice of placement **shall be based upon selection of a safe setting** that is the least restrictive or most familylike and the most appropriate setting that is available and in close proximity to the parent's home, proximity to the child's school, consistent with the selection of the environment best suited to meet the child's special needs and best interests, or both. The selection shall consider, in order of priority, placement with relatives, tribal members, and foster family, group care, and residential treatment pursuant to Section 7950 of the Family Code.

Cal. Welf. & Inst. Code § 16501.1(c)(1) (emphasis added).

In turn, California Welfare and Institutions Code § 16501.15 provides:

> As used in subdivisions (b) and (c) of Section 16501.1, a home or setting that is "safe" means that the home or setting is free from abuse or neglect, as described in Section 11165.5 of the Penal Code.

Cal. Welf. & Inst. Code § 16501.15.

In turn, California Penal Code § 11165.5 provides:

> As used in this article, the term "abuse or neglect in out-of-home care" includes physical injury or death inflicted upon a child by another person by other than accidental means, sexual abuse as defined in Section 11165.1, neglect as defined in Section 11165.2, unlawful corporal punishment or injury as defined in Section 11165.4, or the willful harming or injuring of a child or

the endangering of the person or health of a child, as defined in Section 11165.3, where the person responsible for the child's welfare is a licensee, administrator, or employee of any facility licensed to care for children, or an administrator or employee of a public or private school or other institution or agency. "Abuse or neglect in out-of-home care" does not include an injury caused by reasonable and necessary force used by a peace officer acting within the course and scope of his or her employment as a peace officer.

Cal. Pen. Code § 11165.5.

At all relevant times herein, Defendants, and each of them, failed to perform their mandatory duty under California Welfare and Institutions Code §§ 16501.1(c)(1), 16501.15, and Penal Code § 11165.5 to make a "decision regarding choice of placement" that "**shall** be based upon selection of a safe setting."

46.     The supervision and control by Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, TULARE COUNTY CHILD WELFARE SERVICES, CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA,  MARIE FOCHA, MIRIAM SALLAM, and Does 1 through 50 inclusive, over Defendants FAMILY BUILDERS FOSTER CARE, INC. and Does 51 through 100, inclusive, continued to be unreasonable and negligent, and continued to actually, legally and proximately cause harm, damage and injury to Plaintiff. For example and without limitation, on or about February 24, 2009, Defendant CELESTE ABARCA met with Plaintiff's new foster parent, who informed said Defendant that Plaintiff stated he was afraid of his former foster mother, and pointed her out at school. According to Plaintiff's new foster parent, while she was waiting at Mission Valley Elementary School in Tulare, CA, Plaintiff's previous foster parent(s), Defendant Doe 51

and/or Doe 52, approached her and stated that: (a) Plaintiff lied about the sexual assault; (b) it was Plaintiff who "did things" to the 17 year old boy; and (c) she was concerned about the well being of the older, 17 year old boy.  In making these statements, Plaintiff's former foster mother slandered Plaintiff, violated Plaintiff's right of privacy by publicly disclosing private facts, and breached and violated Plaintiff's confidentiality.

47.      The supervision and control by Defendant FAMILY BUILDERS FOSTER CARE, INC. over Defendants Does 51 through 100, inclusive, continued to be unreasonable and negligent, and continued to actually, legally and proximately cause harm, damage and injury to Plaintiff.  For example and without limitation, on or about February 24, 2009, Defendant CELESTE ABARCA met with Plaintiff's new foster parent, who informed said Defendant that Plaintiff stated he was afraid of his former foster mother, and pointed her out at school.  According to Plaintiff's new foster parent, while she was waiting at Mission Valley Elementary School in Tulare, CA, Plaintiff's previous foster parent(s), Defendant Doe 51 and/or Doe 52, approached her and stated that: (a) Plaintiff lied about the sexual assault; (b) it was Plaintiff who "did things" to the 17 year old boy; and (c) she was concerned about the well being of the older, 17 year old boy.  In making these statements, Plaintiff's former foster mother slandered Plaintiff, violated Plaintiff's right of privacy by publicly disclosing private facts, and breached and violated Plaintiff's confidentiality.

48.      Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, and DOES 1 to 100, inclusive, have statutorily liable pursuant to California Government Code § 820(a).

Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, TULARE COUNTY CHILD WELFARE SERVICES, have statutory respondeat superior liability for the wrongful conduct of their agents and

employees, CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, Defendant FAMILY BUILDERS FOSTER CARE, INC., and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a). In addition, in the event it is determined that that Defendant FAMILY BUILDERS FOSTER CARE, INC. is not an agent of Defendant COUNTY OF TULARE but was instead an independent contractor, then Plaintiff alleges in the alternative that Defendant COUNTY OF TULARE is responsible for the wrongful conduct of Defendant FAMILY BUILDERS FOSTER CARE, INC. pursuant to California Government Code § 815.4), as well as the decision in Elton v. County of Orange, 3 Cal.App.3d 1053, 84 Cal.Rptr. 27 (1970), and its progeny.

In addition, Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, TULARE COUNTY CHILD WELFARE SERVICES, have statutory liability for their breaches of mandatory duties pursuant to California Government Code § 815.6.

49. For the reasons articulated in, inter alia, Frazier v. Bailey, 957 F.2d 920, 928 (1st Cir. 1992), Perez v. Sugarman, 499 F.2d 761, 765 (2nd Cir. 1974), Phillips ex rel. Green v. City of New York, 453 F.Supp.2d 690, 737-738 (S.D. N.Y. 2006), Harris ex rel. Litz v. Lehigh County Office of Children & Youth Services, 418 F.Supp.2d 643, 650 - 651 (E.D. Pa. 2005), C.K. v. Northwestern Human Services, 255 F.Supp.2d 447, 451 (E.D.Pa. 2003), Lemoine v. New Horizons Ranch and Center, Inc., 990 F.Supp. 498, 501-503 (N.D.Tex. 1998), Donlan v. Ridge, 58 F.Supp.2d 604, 610-611 (E.D. Pa. 1999) (noting "Ms. Sneed lost custody of Markeith Ketchmore because of neglect shortly after his birth . . . , and thus Markeith was not placed with DHS voluntarily"), McAdams v. Salem Children's Home, 701 F.Supp. 630, 634-635 (N.D.Ill. 1988), Tyler v. Children's Home Society, 29 Cal.App.4th 511, 545, 35 Cal.Rptr.2d 291, 311 (1994) ("Here,

defendant CHS, as a licensed adoption agency, is fairly characterized as an agent of the state."), cert. denied, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995), cf. Taylor v. First Wyoming Bank, N.A., 707 F.2d 388, 390 (9th Cir. 1983) (citing Perez, supra, for proposition that, "The case would be different if the person requiring care and attention had in effect been made a ward of the state."), when the FAMILY BUILDERS FOSTER CARE, INC. and Does 51 through 100, inclusive, placed Plaintiff with her foster parents, Defendants Doe 51 and Doe 52, FAMILY BUILDERS FOSTER CARE, INC. and Does 51 through 100, inclusive, did so under color of law for the purpose of Plaintiff's claim under 42 U.S.C. § 1983 because:

> (a)   As a Foster Family Agency, Defendant FAMILY BUILDERS FOSTER CARE, INC. is extensively, carefully and exactingly licensed, regulated and controlled by, and effectively acting as the arm of, the State of California pursuant to California Health and Safety Code §§ 1502, 1506, 1530 and 22 Cal. Code Reg. §§ 88000 through 88087.

> (b)   More specifically, as a licensed Foster Family Agency, Defendant FAMILY BUILDERS FOSTER CARE, INC. assumed and performed ongoing state regulatory and enforcement functions pursuant to 22 Cal. Code Reg. § 88063(a), (b), which provide:

> > 88063. Accountability.

> > (a) The licensee is accountable for the general supervision of the licensed facility and the certified family homes, for the establishment of policies concerning operations, and for

ensuring operations comply with applicable regulations and statutes.

(1) The licensee shall establish internal procedures to ensure that certified family homes report incidents, complaints, and alleged child abuse to the foster family agency.

(2) The licensee shall establish internal procedures to ensure that reports specified in Section 88063(a)(1) by certified family homes are reported to the Department.

(b) Upon substantiation of a complaint against a certified family home, the licensee shall ensure that appropriate action is taken.

(1) In the case of a substantiated child abuse complaint, the appropriate action may include removal of the child(ren), removal of a household member or decertification of the home, even though there were not sufficient grounds to warrant criminal prosecution.

(2) In the case of some other type of substantiated complaint, the appropriate action must ensure that the certified family home complies with applicable statutes and regulations.

22 Cal. Code Reg. § 88063(a), (b).

(c)     Only the State has the power to **involuntarily** take custody and/or supervision, control and possession of a child from his natural parents **and then award or transfer custody and/or supervision, control and possession of such involuntarily seized child to another person or entity, such as a foster parent or foster home**.  The State of California has delegated the power to transfer such involuntarily seized minors to private entities, such as Defendant FAMILY BUILDERS FOSTER CARE, INC., as follows. Generally, under California Health and Safety Code § 1508 no private party or public agency may operate a foster family home or small family home without a license.  However, under California Health and Safety Code § 1506(b)(1), (d), and 22 Cal. Code Reg. § 88030(f), a licensed Foster Family Agency, such as FAMILY BUILDERS FOSTER CARE, INC., may place dependent minors in an unlicensed home if the home is used only by the Foster Family Agency and is certified by the Foster Family Agency as meeting licensing standards.  As a result, the State of California has delegated to Foster Family Agencies, such as FAMILY BUILDERS FOSTER CARE, INC., the power to certify foster family homes and place dependent minors, such as Plaintiff, in such certified, but unlicensed, foster family homes.

(d)     In the present case and as alleged above, the County Defendants in fact **involuntarily** seized and/or acquired custody, supervision and control of Plaintiff from his mother and subsequently transferred same to FAMILY BUILDERS FOSTER CARE, INC..  FAMILY BUILDERS FOSTER CARE, INC.subsequently Plaintiff with the certified, but unlicensed, foster home of Defendants Doe 51 and Doe

52 pursuant to California Health and Safety Code § 1506(b)(1), (d), and 22 Cal. Code Reg. § 88030(f).  In transferring custody and/or supervision, control and possession of Plaintiff, who had previously been seized and taken **involuntarily** from his mother, to the certified, but unlicensed, foster home of Defendants Doe 51 and Doe 52, Defendant FAMILY BUILDERS FOSTER CARE, INC. was performing, pursuant to law, a traditional government function, see Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 624, 111 S.Ct. 2077, 2085, 114 L.Ed.2d 660 (1991), that is "exclusively reserved to the State," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974), see American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 54, 119 S.Ct. 977, 987, 143 L.Ed.2d 130 (1999), Lee v. Katz, 276 F.3d 550, 555 (9th Cir. 2002), cert. denied, 536 U.S. 905, 122 S.Ct. 2358, 153 L.Ed.2d 180 (2002).

50.    In addition, when Defendant FAMILY BUILDERS FOSTER CARE, INC. transferred custody and/or supervision, control and possession of Plaintiff (who had previously been seized and taken **involuntarily** from his mother and transferred to Defendant FAMILY BUILDERS FOSTER CARE, INC.) to the certified, but unlicensed, foster home of Defendants Doe 51 and Doe 52, Defendant FAMILY BUILDERS FOSTER CARE, INC. did so under color of law for the purpose of Plaintiff's claim under 42 U.S.C. § 1983 because:

(a)    The conduct of Defendants herein, including Defendant FAMILY BUILDERS FOSTER CARE, INC., satisfied the "close nexus/joint action" test articulated in, e.g., Jensen v. Lane County, 222 F.3d 570, 574-575 (9th Cir. 2000).

(b)     Defendants herein, including Defendant FAMILY BUILDERS FOSTER CARE, INC., are pervasively entwined, within the meaning of, e.g., Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 296, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001), with regard to: (i) the implementation of governmental policies concerning the custody, supervision, care and control of minors how have been taken from their parents involuntarily; and (ii) the management and control of Defendant FAMILY BUILDERS FOSTER CARE, INC. itself.

(c)     Given the facts alleged herein, "there is such a 'close nexus between the State and the challenged action' [and/or inaction] that seemingly private behavior 'may be fairly treated as that of the State itself,'" Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001) (brackets added, quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).

51.     As an actual, legal and proximate result of the wrongful acts, omissions and conduct of Defendants, and each of them, as alleged herein, Plaintiff suffered and incurred physical, sexual, mental, and emotional injuries, medical and counseling expenses, future medical and counseling expenses, continuing and future emotional injury and trauma, lost earning capacity, and harm to and loss of reputation in an ever-increasing amount subject to proof at trial.

///

///

## FIRST CAUSE OF ACTION

**Deliberate Indifference To The Risk Of Harm To Plaintiff In Violation Of The Due Process Clause Of The Fourteenth Amendment, Pursuant To 42 U.S.C. §§ 1983, 1988. [Against All Defendants]**

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.     Plaintiff asserts this First Cause of Action for deliberate indifference to the risk of harm to Plaintiff in violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1983, 1988.

54.     At all relevant times herein, Defendants, and each of them, had, pursuant to, e.g., Hernandez v. Texas Dept. of Protective and Regulatory Services, 380 F.3d 872 (5th Cir. 2004); Lewis v. Anderson, 308 F.3d 768, 773 (7th Cir. 2002); Lintz v. Skipski, 25 F.3d 304 (6th Cir. 1994), cert. denied, 514 U.S. 988 (1994); Norfleet v. Department of Human Services, 989 F.2d 2899 (8th Cir. 1993); K. H. v. Morgan, 914 F.2d 846 (7th Cir. 1990); Yvonne L. v. Department of Human Services, 959 F.3d 883 (10th Cir. 1992); Taylor ex rel. Walker v. Ledbetter, 818 F.2d 791 (11th Cir. 1987) (en banc); Doe v. Department of Social Services, 649 F.2d 134, 141 (2nd Cir. 1981), cert. denied, 464 U.S. 864 (1983); Ronald S. v. County of San Diego, (1993) 16 Cal.App.4th 887, 898, see also Scott v. County of Los Angeles, 27 Cal.App.4th 125, 139–142 (1994), Elton v. County of Orange, 3 Cal.App.3d 1053, 1058 (1970), a special relationship with Plaintiff AE such that Defendants had a duty to protect Plaintiff AE from the harm, injuries and damages set forth herein.

55.     In engaging in the acts, conduct and omissions alleged herein, Defendants, and each of them, while acting within the course and scope of their authority and under color of law, were deliberately indifferent to the risk of harm to Plaintiff.

56.     In addition, in engaging in the acts, conduct and omissions alleged herein, Defendants, and each of them, while acting within the course and scope of their authority and under color of law, and in violation of the standard set forth in, <u>Bryan County v. Brown</u>, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), <u>Kennedy v. City of Ridgefield</u>, 439 F.3d 1055, 1064 (9th Cir. 2006), and were deliberately indifferent to danger that they themselves created with respect to Plaintiff.

57.     In engaging in the acts, conduct and omissions alleged herein, the individual Defendants, while acting within the course and scope of their authority and under color of law, and in violation of the standard set forth in, <u>inter alia</u>, <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1292 (9th Cir. 2000), <u>Watkins v. City of Oakland</u>, 145 F.3d 1087, 1093 (9th Cir. 1998), and <u>Larez v. Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991), engaged in culpable action and/or inaction in the supervision, training, and/or control of subordinates, acquiesced in the deprivation of Constitutional rights, and/or engaged in conduct that showed reckless and/or callous indifference to the rights of others.  Said individual Defendants were subjectively aware of the unconstitutional policy and practice of deliberate indifference and were themselves recklessly, callously and deliberately indifferent to such policy and practice.

58.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC. are responsible for implementing, maintaining, sanctioning and/or condoning training, policies, customs and

practices with the respect to the custody, care and protection of dependent minors such as Decedent.

59.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The above-alleged conduct of Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, and DOES 1 to 100, inclusive, was consistent with the training, polices, customs and practices set forth by the County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, concerning the custody, care and protection of dependent minors such as Decedent, and/or the constitutionally deficient custody, care and protection of Decedent by Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, and DOES 1 to 100, inclusive, was ratified by the County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them.

60.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, knew or should have known that their training, policies, customs, and practices regarding the custody, care and protection of dependent minors such as Decedent were so inadequate

that the failure to correct them would result in future incidents of injuries to, or the death of, dependent minors, such as Plaintiff.

61.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: At all relevant times, the County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, authorized and/or acquiesced in the aforementioned training, policies, customs and practices and the commission of the type of acts by their employees agents similar to those which are alleged herein to have caused the injuries to Plaintiffs and Decedent. Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said training, policies, customs and practices, thereby causing the damages alleged herein.

62.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), are liable for all injuries sustained by Plaintiffs as set forth herein.

63.    Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The County Defendants and

Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, were objectively deliberately indifferent, as elucidated in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1198 n.1 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), to the practice of subordinates, employees and/or agents of said Defendants of being objectively and subjectively indifferent to the health and safety of dependent minors such as Decedent.

64.     Pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs believe the following allegations will have evidentiary support after a reasonable opportunity for further investigation and discovery: The County Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC., and each of them, had actual and/or constructive knowledge, as elucidated in, e.g., Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994),  City of Canton, Ohio v. Harris, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), and Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003), that it was the practice of subordinates, employees and/or agents of said Defendants to be objectively and subjectively indifferent to the health and safety of dependent minors such as Decedent.

65.     As an actual, legal and proximate result of the wrongful acts, omissions and conduct of Defendants, and each of them, as alleged herein, Plaintiff suffered the injuries and damages alleged herein.

66.    Plaintiff is entitled to an award of exemplary and punitive damages against the individual Defendants, and each of them, pursuant to 42 U.S.C. §§ 1983, 1988.

## SECOND CAUSE OF ACTION

**Negligence Pursuant To California Government Code §§ 815.2, 815.4, 815.6 And 820, And The Common Law Of The State Of California.**
**[Against all Defendants.]**

67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 51, and 53 through 66, inclusive, as though fully set forth herein.

68.    Plaintiffs assert this Second Cause of Action for Negligence pursuant to California Government Code §§ 815.2, 815.6 and 820, and the common law of the State of California.

69.    In engaging in the acts, conduct and omissions alleged herein, Defendants, and each of them, acted unreasonably and below the applicable standard of care.

70.    In engaging in the acts, conduct and omissions alleged herein, Defendants, and each of them, actually and proximately caused the injuries and damages alleged herein.

71.    Defendants FAMILY BUILDERS FOSTER CARE, INC. and Does 51 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages set forth in this cause of action pursuant to the common law of the State of California.

72.     Defendants CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ,  TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, and Does 1 through 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages set forth in this cause of action pursuant to California Government Code § 820(a), as well as the decision in <u>Elton v. County of Orange</u>, 3 Cal.App.3d 1053, 84 Cal.Rptr. 27 (1970), and its progeny.

73.     Defendants COUNTY OF TULARE, TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, TULARE COUNTY CHILD WELFARE SERVICES, have statutory respondeat superior liability for the wrongful conduct of their agents and employees, CELESTE ABARCA, PATRICIA NEGRETTE, YADIRA PORTILLO, PRUDENCE MORRIS, HELEN RUE, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, DR. SOTO, ADRIAN MARQUEZ, TIFFANY BREEN, LETICIA QUEZADA, MARIE FOCHA, MIRIAM SALLAM, Defendant FAMILY BUILDERS FOSTER CARE, INC., and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).  In addition, in the event it is determined that that Defendant FAMILY BUILDERS FOSTER CARE, INC. is not an agent of Defendant COUNTY OF TULARE but was instead an independent contractor, then Plaintiff alleges in the alternative that Defendant COUNTY OF TULARE is responsible for the wrongful conduct of Defendant FAMILY BUILDERS FOSTER CARE, INC. pursuant to California Government Code § 815.4), as well as the decision in <u>Elton v. County of Orange</u>, 3 Cal.App.3d 1053, 84 Cal.Rptr. 27 (1970), and its progeny.

74.     As an actual, legal and proximate result of the wrongful acts, omissions and conduct of Defendants, and each of them, as alleged herein, Plaintiff suffered the injuries and damages alleged herein.

75.     Plaintiff is entitled to an award of exemplary and punitive damages against the individual Defendants, and each of them, and Defendant FAMILY BUILDERS FOSTER CARE, INC. pursuant to California Civil Code § 3294.

## **THIRD CAUSE OF ACTION**
**Defamation and Slander Under California Law**
**[Against Defendants FAMILY BUILDERS FOSTER CARE, INC.,**
**Doe 51 and Doe 52.]**

76.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51, 53 through 66, and 68 through 75, inclusive, as though fully set forth herein.

77.     As alleged above, on or about February 24, 2009, Defendant CELESTE ABARCA met with Plaintiff's new foster parent, who informed said Defendant that Plaintiff stated he was afraid of his former foster mother, and pointed her out at school. According to Plaintiff's new foster parent, while she was waiting at Mission Valley Elementary School in Tulare, CA, Plaintiff's previous foster parent(s), Defendant Doe 51 and/or Doe 52, approached her and stated that: (a) Plaintiff lied about the sexual assault; (b) it was Plaintiff who "did things" to the 17 year old boy; and (c) she was concerned about the well being of the older, 17 year old boy.

78.     The statements that (a) Plaintiff lied about the sexual assault, and (b) it was Plaintiff who "did things" to the 17 year old boy, were slanderous per se within in the meaning of, e.g., Nethercutt Collection v. Regalia, 172 Cal.App.4th 361 (2009) and White v. Valenta, 234 Cal.App.2d 243 (1965), in that they:

(a)     charged Plaintiff with the crimes of perjury and sexual assault and battery, see Cal. Civ. Code § 46(1); and

(b)     imputed to Plaintiff a want of chastity, see Cal. Civ. Code § 46(4).

79.     The statements that (a) Plaintiff lied about the sexual assault, and (b) it was Plaintiff who "did things" to the 17 year old boy, were also statements which, by natural consequence, cause actual damage, see Cal. Civ. Code § 46(5).  Such statements did, in fact, cause damage to Plaintiff's reputation, as well as cause Plaintiff emotional distress.

80.     The statements that (a) Plaintiff lied about the sexual assault, and (b) it was Plaintiff who "did things" to the 17 year old boy, were false.

81.     At the time the statements were made, Defendants Doe 51 and 52 knew, or reasonably should have known, that the statements that (a) Plaintiff lied about the sexual assault, and (b) it was Plaintiff who "did things" to the 17 year old boy, were false.

82.     Moreover, at the time the statements were made, Defendants Doe 51 and 52 knewthat the statements that (a) Plaintiff lied about the sexual assault, and (b) it was Plaintiff who "did things" to the 17 year old boy, were false.  Defendants Doe 51 and 52 made such statements with malice and with the intent to harm and injure Plaintiff.

83.     Defendants Doe 51 and/or Doe 52 made such statements in the course and scope of course and scope of their agency, employment, ostensible and apparent employment, and/or ostensible and apparent agency with Defendant FAMILY BUILDERS FOSTER CARE, INC.

84.     At all relevant times herein, and within the meaning of California Civil Code § 3294(b), Defendant FAMILY BUILDERS FOSTER CARE, INC. had advance knowledge of the unfitness of Defendants Doe 51 and 52 and employed them with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct alleged herein. Moreover, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice was on the part of an officer, director, or managing agent of Defendant FAMILY BUILDERS FOSTER CARE, INC.

85.     As an actual, legal and proximate result of the wrongful acts, omissions and conduct of Defendants, and each of them, as alleged herein, Plaintiff suffered the injuries and damages alleged herein.

86.     Plaintiff is entitled to an award of exemplary and punitive damages against the Defendants FAMILY BUILDERS FOSTER CARE, INC., Doe 51 and Doe 52 pursuant to California Civil Code § 3294.

## FOURTH CAUSE OF ACTION
### Invasion Of Privacy By Publication Of Private Facts.
### [Against Defendants FAMILY BUILDERS FOSTER CARE, INC., Doe 51 and Doe 52.]

87.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51, 53 through 66, 68 through 75, and 77 through 86, inclusive, as though fully set forth herein.

88.     As alleged above, on or about February 24, 2009, Defendant CELESTE ABARCA met with Plaintiff's new foster parent, who informed said Defendant that Plaintiff stated he was afraid of his former foster mother, and pointed her out at school. According to Plaintiff's new foster parent, while she was waiting at Mission Valley

Elementary School in Tulare, CA, Plaintiff's previous foster parent(s), Defendant Doe 51 and/or Doe 52, approached her and stated that: (a) Plaintiff lied about the sexual assault; (b) it was Plaintiff who "did things" to the 17 year old boy; and (c) she was concerned about the well being of the older, 17 year old boy.

89.     In making these statements Defendant Doe 51 and/or Doe 52 violated Plaintiff's right of privacy by publicly disclosing private facts in that they revealed to the public that an illicit and improper sexual encounter had occurred between Plaintiff and the 17 year old boy.

90.     Defendants Doe 51 and/or Doe 52 made such statements in the course and scope of course and scope of their agency, employment, ostensible and apparent employment, and/or ostensible and apparent agency with Defendant FAMILY BUILDERS FOSTER CARE, INC.

91.     At all relevant times herein, and within the meaning of California Civil Code § 3294(b), Defendant FAMILY BUILDERS FOSTER CARE, INC. had advance knowledge of the unfitness of Defendants Doe 51 and 52 and employed them with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct alleged herein. Moreover, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice was on the part of an officer, director, or managing agent of Defendant FAMILY BUILDERS FOSTER CARE, INC.

92.     As an actual, legal and proximate result of the wrongful acts, omissions and conduct of Defendants, and each of them, as alleged herein, Plaintiff suffered the injuries and damages alleged herein.

93.     Plaintiff is entitled to an award of exemplary and punitive damages against the Defendants FAMILY BUILDERS FOSTER CARE, INC., Doe 51 and Doe 52 pursuant to California Civil Code § 3294.

## **PRAYER**

WHEREFORE, Plaintiff seeks damages as follows:

(1)     General damages – In an amount to be proven at trial.

(2)     Special damages – In an amount to be proven at trial.

(3)     Punitive damages against the individual Defendants and Defendant FAMILY BUILDERS FOSTER CARE, INC. – In an amount to be proven at trial, pursuant to 42 U.S.C. §§ 1983, 1988, and California Civil Code § 3294.

(4)     Attorney's fees and costs of suit incurred herein pursuant to 42 U.S.C. §§ 1983, 1988.

(5)     An award of prejudgment interest pursuant to the decision in Golden State Transit Corp. v. City of Los Angeles, 773 F.Supp. 204, 210 (C.D. Cal. 1991), see L.H. v. Schwarzenegger, 2009 WL 674345, at *11 (E.D. Cal. 2009) (noting that the Ninth Circuit has not decided the issue, but following Golden State Transit Corp.);

(6)     An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(7)     For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dated:  December 17, 2009                    RODRIGUEZ & ASSOCIATES


By _____/s/ Charles Chapman_____/
          CHARLES R. CHAPMAN, ESQ.
Attorneys for Plaintiff AE, a minor, by and
through his Guardian ad Litem, MARIBEL
HERNANDEZ