# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, | ) 1:09cv2204 LJO DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANTS' MOTION |
| | ) TO FILE THIRD-PARTY COMPLAINT |
| v. | ) WITHOUT PREJUDICE |
| | ) (Document 89) |
| YADIRA PORTILLO, et al., | ) |
| | ) ORDER REQUIRING PLAINTIFF TO SERVE |
| | ) DEFENDANTS WILLIAMS, PUENTES AND |
| | ) CEBALLOS WITHIN 60 DAYS |
| Defendants. | ) |

Defendants Yadira Portillo, Courtney Wampler and CWA Felix ("Moving Defendants") filed the instant motion to file a Third-Party Complaint on December 10, 2010. The motion was heard on February 18, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Judy Chapman appeared on behalf of Moving Defendants. Charles Chapman appeared on behalf of Plaintiff AE. Michael Stump appeared on behalf of proposed Third-Party Defendants Family Builders Foster Care, Inc.

**BACKGROUND**

Plaintiff AE, through his Guardian Ad Litem, Maribel Hernandez, filed the instant civil rights action on December 17, 2009. Plaintiff initially named the County of Tulare, Tulare County Health and Human Services, Tulare County Child Welfare Services, County Employees Celeste Abarca, Patricia Negrette, Yadira Portillo, Prudence Morris, Helen Rue, Courtney Wampler, CWA Felix, Heidi Williams, Dr. Soto, Adrian Marquez, Tiffany Breen, Leticia

Quezada, Marie Focha and Miriam Sallan, and Family Builders Foster Care, Inc., as Defendants. The complaint also named Defendant Does 1 to 100, with Doe 51 identified as Plaintiff's former foster father and Doe 52 as Plaintiff's former foster mother. Plaintiff alleged causes of action for (1) deliberate indifference to his risk of harm; (2) negligence pursuant to California Government Code sections 815.2, 815.4 and 815.6; (3) defamation and slander against Family Builders Foster Care; and (4) invasion of privacy by publication of private facts against Family Builders Foster Care.

According to the complaint, in September 2008, Defendants took legal and physical custody of Plaintiff. Plaintiff was transferred to Defendant Family Builders Foster Care ("Family Builders") and/or a foster family or foster parents. Plaintiff alleges that he was physically and sexually assaulted by a 17-year-old boy ("Older Boy") in the same foster home and contends that Defendants knew or should have known that it was unreasonable and recklessly dangerous to place him in the foster family with the Older Boy.

On February 26, 2010, Plaintiff filed a First Amended Complaint ("FAC") which added Tulare Youth Service Bureau as a Defendant. Tulare Youth Service Bureau and Defendant Adrian Marquez were excluded from the first cause of action for deliberate indifference.

After numerous motions to dismiss, the County of Tulare and numerous individual Defendants were dismissed with prejudice. Plaintiff was allowed leave to amend certain claims against the remaining Defendants, including Family Builders.

Plaintiff filed his Second Amended Complaint on April 30, 2010. Pursuant to the parties' stipulation, Plaintiff filed a Third Amended Complaint on May 14, 2010. Neither the Second nor Third Amended Complaint included Family Builders as a Defendant.

On August 9, 2010, Family Builders requested formal dismissal with prejudice of the deliberate indifference claim and negligence claim based on Plaintiff's failure to name Family Builders in the Second or Third Amended Complaints. The Court granted the request on August 10, 2010, and dismissed Family Builders from the action.

1    The Court issued its Scheduling Conference Order on August 13, 2010.  Non-expert
2 discovery ends on August 5, 2011, the dispositive motion deadline is October 24, 2011, and trial
3 is set for March 19, 2012.
4    The Moving Defendants filed this motion for leave to file a Third-Party Complaint to
5 name Family Builders, Alejandro Puentes and Sandra Ceballos as Third-Party Defendants on
6 December 12, 2010.
7    Family Builders filed its opposition on December 30, 2010.
8    Plaintiff filed a statement of non-opposition on December 31, 2010.
9    Alejandro Puentes and Sandra Ceballos did not respond to the motion.

## ALLEGATIONS OF THIRD AMENDED COMPLAINT

11   The Third Amended Complaint ("TAC") names Ms. Portillo, Ms. Wampler, Ms. Felix,
12 Ms. Williams, Adrian Marquez and Tulare Youth Service Bureau as Defendants.  The TAC
13 alleges that Ms. Portillo, Ms. Wampler, Ms. Felix and Ms. Williams knew that Plaintiff had been
14 physically transferred to "Non-Defendant Family Builders Foster Care, Inc." and to Does 51 and
15 52.  Ms. Williams, who was the Older Boy's social worker, knew that he was a dependent of the
16 court and on probation and knew that he resided in the same foster home as Plaintiff.
17   Ms. Portillo, Ms. Wampler and Ms. Felix, who were Plaintiff's social workers, were told
18 by Ms. Williams and/or knew that the Older Boy resided in the same foster home as Plaintiff.
19   On November 5, 2008, Ms. Portillo and Ms. Wampler were informed by a "reporting
20 party" that Plaintiff had been physically assaulted by the Older Boy and had a bruise on his left
21 shoulder.  Plaintiff told Ms. Felix that two weeks prior, he saw the Older Boy steal money from
22 his foster parents and that the boy hit him and threatened him after he told the foster parent of the
23 theft.  A foster parent also told Ms. Portillo and Ms. Wampler that the Older Boy was a
24 dependent of the court and was on probation.  The foster parent informed them that on November
25 4, 2008, the Older Boy cursed the parent, who was on the other side of the bathroom door,
26 because he believed the parent was Plaintiff.  Despite this knowledge, Defendants failed and
27 refused to remove Plaintiff from the home.

1   On November 26, 2008, Ms. Portillo followed up with Plaintiff's therapist, Adrian
2 Marquez.  Plaintiff alleges that Marquez and Tulare Youth Service Bureau had learned all facts
3 up to this point.  Marquez indicated that the foster mother needed to better supervise the actions
4 of the children in the home.  Marquez also indicated that he believed that Plaintiff was
5 minimizing the behavior of the Older Boy.  Despite this knowledge, Marquez and Tulare Youth
6 Service Bureau failed and refused to have Plaintiff removed from the home, failed to report the
7 abuse to the authorities and failed to take any other protective action.

8   On December 5 or 6, 2008, the Older Boy sexually and physically assaulted Plaintiff.
9 Plaintiff did not report the assaults until December 12 and 15, 2008.

10  On February 24, 2009, non-defendant Celeste Abarca met with Plaintiff's new foster
11 parents, who informed her that Plaintiff said he was afraid of his prior foster mother.  While the
12 new foster mother was waiting for Plaintiff at school, Does 51 and 52 approached her and stated
13 that Plaintiff lied about the sexual assault and that it was actually Plaintiff who "did things" to
14 the Older Boy.

15  Based on these factual allegations, Plaintiff alleges causes of action for (1) deliberate
16 indifference to his risk of harm (Portillo, Wampler, Felix and Williams); (2) negligence pursuant
17 to California Government Code section 820 and California common law (all Defendants); and
18 (3) defamation and slander (Does 51 and 52).

19  **ALLEGATIONS IN THE PROPOSED THIRD-PARTY COMPLAINT**

20  The Third-Party Complaint alleges that Family Builders was an independent contractor of
21 the County of Tulare and contracted to perform certain foster care services pursuant to an
22 Agreement dated November 7, 2007.  These services included placing children in foster homes
23 that were certified and chosen by Family Builders, training its certified foster parents, supervising
24 the placement and the certified homes and maintaining weekly contact with foster children.
25 Family Builders, by and through its employees, made assurances that they had personal skills,
26 expertise, training and experience in providing services under the Agreement.  At all relevant
27 times, Family Builders agreed to provide foster parents, therapy, support counselors, emergency
28

4

response and case management services that were adequate to the children's needs.  It also agreed to be held accountable for the placement of children and general supervision of homes.

The Third-Party Complaint further alleges that Family Builders selected Puentes and Ceballos as foster parents for the Older Boy and Plaintiff.  Moving Defendants allege that by accepting custody of the Older Boy, Puentes and Ceballos agreed to abide by the Agreement.  They also allege that Puentes and Ceballos had a special relationship with Plaintiff such that they had a duty to protect him from foreseeable harm.  Similarly, Moving Defendants allege that Family Builders, in agreeing to be responsible for placement and supervision of the foster parents, the Older Boy and Plaintiff, "entered into an agreement thereby creating a special relationship with Plaintiff AE such that it had a duty to protect Plaintiff AE from foreseeable harm."  Third-Party Complaint at 6.

Before September 2008, Family Builders, Puentes and Ceballos failed to provide and/or ensure attendance at required services under the Agreement and California law, including counseling, case management, in home support, weekly visits and supervision of the Older Boy.

In September 2008, Family Builders placed Plaintiff with Puentes and Ceballos, who agreed to be responsible for Plaintiff's safety and to otherwise perform services to meet his needs.

The Third-Party Complaint further alleges that Family Builders, Puentes and Ceballos failed to meet the needs of Plaintiff by failing to timely report unusual occurrences, failing to keep the County employees assigned to Plaintiff's case apprised of the true nature and circumstances of the foster home, failing to provide adequate assessment of high risk behaviors, failing to regularly visit with Plaintiff and failing to address inappropriate and/or potentially dangerous children.  Family Builders, Puentes and Ceballos, at all relevant times, assured County employees that the Older Boy did not pose an unusual risk of harm and that they would provide adequate supervision and maintain an appropriate level of contact with Plaintiff.  The Third-Party Complaint alleges that Family Builders and its agents and employees were aware of all facts concerning the contact between Plaintiff and the Older Boy and the conduct of Puentes and Ceballos before Defendants Portillo, Wampler and Felix.

     The Third-Party Complaint alleges that Third-Party Defendants failed to make any changes to Plaintiff's placement despite their ongoing knowledge and that they knew or should have known that the Older Boy posed a risk of harm to Plaintiff.  Third-Party Defendants failed to and/or negligently evaluated the risk, which proximately caused the injuries complained of in the TAC.

     The Third-Party Complaint sets forth a single claim for contractual indemnity and alleges that Family Builders was the proximate cause of Plaintiff's injuries.  Family Builders agreed to indemnify the County of Tulare, its agents, officers and employees from any liability, etc., arising from, or in connection with, performance by it or "its agents, officers and employees under the Agreement."  Third-Party Complaint, at 7.

## DISCUSSION

Federal Rule of Civil Procedure 14 permits a party to bring a lawsuit against a third party who is not already a party to the lawsuit to transfer liability being asserted against it in the underlying lawsuit. Specifically, Rule 14(a) provides:

> ... at any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Because Rule 14(a) is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir.1999).  In deciding whether to permit impleader, the court considers prejudice to the original plaintiff, complication of issues at trial, likelihood of trial delay and timeliness of the motion to implead. Irwin v. Mascott, 94 F.Supp.2d 1052, 1056 (N.D.Cal.2000).  The decision whether to implead a third party defendant is within the sound discretion of the district court. Southwest Adm'r, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

     As discussed at the hearing, allowing leave to file the proposed Third-Party Complaint would be futile.  First, although the Third-Party Complaint names Puentes and Ceballos as Third-Party Defendants and includes certain factual allegations, there are no operative allegations connecting them with the sole cause of action for contractual indemnity.  The Agreement

1  providing for indemnity is between the County of Tulare and Family Builders, and there are no
2  allegations that Puentes and Ceballos, as Plaintiff's former foster parents, were agents of Family
3  Builders or otherwise in a contractual relationship with the County of Tulare.
4       Similarly, there are no allegations that the Moving Defendants, who are individual
5  County employees, have standing to allege a claim for contractual indemnity.  The Third-Party
6  Complaint does not allege that Moving Defendants Portillo, Wampler and Felix were third party
7  beneficiaries to the Agreement or otherwise entitled to indemnity from Family Builders.

**SERVICE ISSUES**

9       Defendant Heidi Williams has not yet been served.  Plaintiff filed a proof of service for
10 Defendant Williams on February 16, 2010, but withdrew it on April 5, 2010, after being
11 informed that service was defective.  The notice of withdrawal indicated that Plaintiff would file
12 an ex parte application for leave to serve Williams by publication, though such a request was
13 never made.  Plaintiff confirmed at the hearing that he was in the process of trying to serve
14 Defendant Williams.
15      Plaintiff's foster parents, who are named as Does 51 and 52 in the TAC and identified by
16 the proposed Third-Party Complaint as Alejandro Puentes and Sandra Ceballos, also have not
17 been served.

**ORDER**

19      Based on the above, the Court DENIES this motion WITHOUT PREJUDICE.
20      Plaintiff is ORDERED TO SERVE Defendants Williams, Puentes and Ceballos within 60
21 DAYS of the date of service of this order.  If Plaintiff fails to serve Defendants within this time
22 period, the Court will issue an order to show cause why they should not be dismissed for failure
23 to timely serve summons and complaint.
24      IT IS SO ORDERED.
25      Dated:   **February 18, 2011**                  **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE