# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, | ) 1:09cv2204 LJO DLB |
| | ) |
| | ) |
| | ) ORDER GRANTING DEFENDANTS' |
| Plaintiff, | ) MOTION TO FILE THIRD-PARTY |
| | ) COMPLAINT |
| v. | ) |
| | ) (Document 108) |
| YADIRA PORTILLO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

    Defendants Yadira Portillo, Courtney Wampler and CWA Felix ("Moving Defendants") filed the instant motion to file a Third-Party Complaint on April 26, 2011. The motion was heard on June 17, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Judith Chapman appeared on behalf of Moving Defendants. There were no other appearances.

## **BACKGROUND**

    Plaintiff AE, through his Guardian Ad Litem, Maribel Hernandez, filed the instant civil rights action on December 17, 2009. Plaintiff initially named the County of Tulare, Tulare County Health and Human Services, Tulare County Child Welfare Services, County Employees Celeste Abarca, Patricia Negrette, Yadira Portillo, Prudence Morris, Helen Rue, Courtney Wampler, Cwa Felix, Heidi Williams, Dr. Soto, Adrian Marquez, Tiffany Breen, Leticia Quezada, Marie Focha and Miriam Sallan and Family Builders Foster Care, Inc., as Defendants. The complaint also named Defendant Does 1 to 100, with Doe 51 identified as Plaintiff's former

1

foster father and Doe 52 as Plaintiff's former foster mother.  He alleged causes of action for (1) deliberate indifference to his risk of harm; (2) negligence pursuant to California Government Code sections 815.2, 815.4 and 815.6; (3) defamation and slander against Family Builders Foster Care; and (4) invasion of privacy by publication of private facts against Family Builders Foster Care.

According to the complaint, in September 2008, Defendants took legal and physical custody of Plaintiff.  Plaintiff was transferred to Family Builders Foster Care ("Family Builders") and/or a foster family or foster parents.  Plaintiff alleges that he was physically and sexually assaulted by a 17-year-old boy ("Older Boy") in the same foster home and contends that Defendants knew or should have known that it was unreasonable and recklessly dangerous to place him in the foster family with the Older Boy.

On February 26, 2010, Plaintiff filed a First Amended Complaint which added Tulare Youth Service Bureau as a Defendant.  Tulare Youth Service Bureau and Defendant Adrian Marquez were excluded from the first cause of action for deliberate indifference.

On March 12, 2010, Family Builders filed a motion to dismiss.  On April 7, 2010, the Court granted the motion to dismiss and permitted leave to amend the claims for deliberate indifference and negligence.  The defamation and invasion of privacy claims were dismissed with prejudice.

On March 15, 2010, Defendants County of Tulare, Celeste Abarca, Patricia Negrette, Yadira Portillo, Prudence Morris, Courtney Wampler, Cwa Felix, Dr. Soto, Tiffany Breen, Marie Focha and Miriam Sallan filed a motion to dismiss the deliberate indifference and negligence claims.  The Court granted the motion on April 14, 2010, dismissing the County, Ms. Morris, Ms. Negrette, Ms. Focha, Dr. Soto, Ms. Abarca, Ms. Breen and Ms. Sallam with prejudice.[1]  The Court allowed Plaintiff to amend his deliberate indifference claim against Ms. Portillo, Ms. Wampler and Ms. Felix.

---

[1] The dismissal of the County has been appealed to the Ninth Circuit.  Oral argument was held on April 13, 2011, and no decision has been issued.

2

1     Plaintiff filed his Second Amended Complaint on April 30, 2010.  Pursuant to the parties'

2 stipulation, Plaintiff filed a Third Amended Complaint on May 14, 2010.  Neither the Second nor

3 Third Amended Complaint included Family Builders as a Defendant.

4     The Third Amended Complaint ("TAC") named Ms. Portillo, Ms. Wampler, Ms. Felix,

5 Ms. Williams, Adrian Marquez and Tulare Youth Service Bureau as Defendants.  Plaintiff

6 alleges causes of action for (1) deliberate indifference to his risk of harm (Portillo, Wampler,

7 Felix and Williams); (2) negligence pursuant to California Government Code section 820 and

8 California common law (all Defendants); and (3) defamation and slander (against Does 51 and

9 52).

10     On May 17, 2010, Defendants Marquez and Tulare Youth Service Bureau filed a motion

11 to dismiss the negligence claim.  The Court denied the motion on June 11, 2010, and Marquez

12 and Tulare Youth Service Bureau filed an answer on June 21, 2010.

13     Defendants Portillo, Wampler and Felix filed a motion to dismiss on June 3, 2010.  The

14 motion to dismiss was denied on July 6, 2010, and they filed an answer on July 20, 2010.

15     On August 9, 2010, Family Builders requested formal dismissal with prejudice of the

16 deliberate indifference claim and negligence claim based on Plaintiff's failure to name Family

17 Builders in the Second or Third Amended Complaint.  The Court granted the request on August

18 10, 2010, and dismissed Family Builders from the action.

19     On December 10, 2010, Moving Defendants filed their first motion for leave to file a

20 Third-Party Complaint to name Family Builders, Alejandro Puentes and Sandra Ceballos as

21 Third-Party Defendants.  The Court denied the motion without prejudice on February 22, 2011.

22     On April 18, 2011, pursuant to the parties' stipulation, Plaintiff filed a Fourth Amended

23 Complaint for the sole purpose of substituting Puentes and Ceballos for Does 51 and 52.

24     On April 26, 2011, Moving Defendants filed this motion for leave to file a Third-Party

25 Complaint for contractual indemnity against Family Builders.  Counsel for Family Builders was

26 served with the motion but did not file an opposition.  No other parties filed a response.

27

28

On May 12, 2011, Defendant Ceballos filed a motion to dismiss the claims against her. The Court granted the motion with leave to amend on June 2, 2011. Plaintiff filed a Fifth Amended Complaint on June 17, 2011.

## ALLEGATIONS IN THE PROPOSED THIRD-PARTY COMPLAINT

The Third-Party Complaint alleges that Family Builders was an independent contractor of the County and contracted with the County to perform certain foster care services pursuant to an Agreement dated November 7, 2007 ("Agreement"). The Third-Party Complaint further alleges that Family Builders selected Defendants Puentes and Ceballos as foster parents for the Older Boy and Plaintiff. In September 2008, Family Builders placed Plaintiff with Puentes and Ceballos.

According to the Third-Party Complaint, Family Builders, Puentes and Ceballos failed to meet the needs of Plaintiff by failing to timely report unusual occurrences, failing to keep the County employees assigned to Plaintiff's case apprised of the true nature and circumstances of the foster home, failing to provide adequate assessment of high risk behaviors, failing to regularly visit with Plaintiff, failing to address inappropriate and/or potentially dangerous children, etc.

The Third-Party Complaint alleges that Family Builders failed to make any changes to Plaintiff's placement despite its ongoing knowledge and it knew or should have known that the Older Boy posed a risk of harm to Plaintiff.

The Third-Party Complaint sets forth a single cause of action for indemnity and alleges that Family Builders was the proximate cause of Plaintiff's injuries. The cause of action is based on Paragraph 7 of the Agreement, which states:

> CONTRACTOR shall hold harmless, defend and indemnify COUNTY, its agents, officers and **employees** from and against all liability, claims, actions, costs, damages or losses of any kind, including death or injury to any person and/or damage to property. . . .arising from, or in connection with, the performance by CONTRACTOR or its agents, officers and employees under this Agreement. . . .This indemnification obligation shall continue beyond the term or termination of this Agreement as to any acts or omissions occurring under this Agreement or any extension of this Agreement."

**LEGAL STANDARD**

Federal Rule of Civil Procedure 14 permits a party to bring a lawsuit against a third party who is not already a party to the lawsuit to transfer liability being asserted against it in the underlying lawsuit. Specifically, Rule 14(a) provides:

> ... at any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Because Rule 14(a) is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir.1999). In deciding whether to permit impleader, the court considers prejudice to the original plaintiff, complication of issues at trial, likelihood of trial delay and timeliness of the motion to implead. Irwin v. Mascott, 94 F.Supp.2d 1052, 1056 (N.D.Cal.2000). The decision whether to implead a third party defendant is within the sound discretion of the district court. Southwest Adm'r, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

**DISCUSSION**

Moving Defendants seek to allege a contractual indemnity claim against Family Builders based on the Agreement's indemnification provision. As employees of the County, Moving Defendants contend that they are third-party beneficiaries of the Agreement based on Family Builders' agreement to indemnify the County, its agents, officers and employees.

There has been no opposition to the motion and it does not appear that any prejudice will result. Trial is not scheduled until September 2012 and there is ample time for discovery. Moreover, the factual allegations made against the Moving Defendants are essentially the same as those alleged against Family Builders.

As discussed at the hearing, however, it is not clear that the alleged acts and/or omissions fell within the term of the Agreement and this should be addressed in the Third-Party Complaint.

## **ORDER**

Based on the above, Defendants' motion is GRANTED.  Defendants SHALL file the Third-Party Complaint within twenty (20) days of the date of service of this order.


IT IS SO ORDERED.

    Dated:   **June 20, 2011**                       **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE