KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
Teresa M. Saucedo, #093121
Chief Deputy County Counsel
Judy Chapman, # 169479
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: jchapman@co.tulare.ca.us

Attorneys for YADIRA PORTILLO, COURTNEY WAMPLER,
AND CWA FELIX

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, a minor, by and through his guardian ad litem, MARIBEL HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>YADIRA PORTILLO, COURTNEY WAMPLER, and CWA FELIX.<br><br>Defendant Third-Party Plaintiff,<br><br>v.<br><br>FAMILY BUILDERS FOSTER CARE, INC.,<br><br>Third-Party Defendant. | CASE NO. 1:09-CV-02204-LJO-DLB<br><br>THIRD-PARTY COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

1.     Plaintiff AE, a minor, by and through his guardian ad litem, MARIBEL HERNANDEZ, has filed a lawsuit against Defendants YADIRA PORTILLO, COURTNEY WAMPLER, and CWA FELIX, a Fifth Amended Complaint (FAC), a copy of which is attached as "Exhibit 1". Defendants file this Third-Party Complaint for Indemnity pursuant to Rule 14 of the Federal Rules of Civil Procedure.

1

THIRD-PARTY COMPLAINT

**JURISDICTION**

2. This action arises under 42 U.S.C. §§ 1983, 1988, pursuant to 28 U.S.C. §§ 1331, 1343, and includes a claim of state law negligence against the Defendants who at all times relevant were County of Tulare employees and agents. The Court has supplemental jurisdiction over Plaintiff AEs' California state law claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

3. Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC. is, and was for all times relevant to this action, a California corporation. FAMILY BUILDERS FOSTER CARE, INC. was licensed and/or registered by the State of California and/or Defendant COUNTY OF TULARE as a Foster Family Agency pursuant to California law.

4. Defendants YADIRA PORTILLO, COURTNEY WAMPLER, and CWA FELIX are, and were at all times relevant to this action, employees of the County of Tulare, Health and Human Services Agency, Child Welfare Services.

**FACTUAL ALLEGATIONS**

5. The FAC (Exhibit 1) is incorporated by reference as if fully set forth herein.

6. FAMILY BUILDERS FOSTER CARE, INC. is, and was for all times relevant to this action, an independent contractor for the COUNTY OF TULARE contracted to do and perform certain foster care services pursuant to Tulare County Agreement No 23329 and subsequent amendment to Agreement, attached hereto as Exhibit 2, and incorporated by reference as if fully set forth herein. Such services included but were not limited to providing Intensive Treatment Foster Care services as required by California Welfare and Institutions Code §§ 18358 et. seq., Title 22 of the Cal. Code of Regulations and California Health and Safety Code §§ 1506, 1530.

7. At all times relevant herein, Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC. contracted with the County of Tulare for services including placement of children in foster homes that were certified and chosen by Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC., training its certified foster parents, supervising the placement in the certified

2

THIRD-PARTY COMPLAINT

family homes, maintaining weekly contact with foster children placed in its care, and other services associated with the placement and care of children in foster care.

8. At all times relevant herein, Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC. by and through its employees made assurances that they had personal skills, expertise, training and experience in providing services under the agreement. Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC. knew that COUNTY OF TULARE, by and through, its employees would rely on Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC.'S representations when placing children with Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC. COUNTY OF TULARE, in fact, relied on Third-Party Defendant FAMILY BUILDERS FOSTER CARE, INC.'S assurances that its certified foster homes were qualified to provide adequate foster care to meet the needs of foster children placed in its care pursuant to Exhibit 2, and that Third-Party Defendant would ensure the safety of children placed in its care. (See Agreement Exhibit 2 and See 22 Cal. Code Reg. §§ 88061, 88063, 88065.3 attached as Exhibit 3.)

9. At all times relevant herein, Third Party Defendant FAMILY BUILDERS FOSTER CARE, INC.(hereafter referred to as FFA) agreed to provide foster parents, therapy, support counselors, emergency response, an on-call psychiatrist, and case management services that were adequate to the children's needs. Defendant FFA agreed to be accountable for the placement, general supervision of its certified family homes and supervision of the placement of children in its certified family homes. Defendant, FFA further agreed to provide direct contact with children placed in their care including weekly contact, to ensure the provision of preventive and remedial care, to ensure compliance with case plans, and to report any unusual incidences as specified by the laws and regulations governing the facility. The Defendant FFA agreed to take responsibility for evaluating a child for placement and for continued placement. Such duties were designed to protect minors placed with the FFA from potential harm and to otherwise ensure the safety and security of children placed through the Third-Party Defendant FFA. (See Exhibit 2.)

10. At all relevant times herein, Third Party Defendant FAMILY BUILDERS FOSTER CARE, INC. selected, referred and appointed: (a) Defendants ALEJANDRO PUENTES and SANDRA CEBALLOS; and (b) the home owned, controlled, operated and/or managed by Defendants ALEJANDRO PUENTES and SANDRA CEBALLOS as the foster family home for Plaintiff AE.

11. Prior to August 2008, COUNTY OF TULARE contacted Third-Party Defendant FFA to request placement of the 17 year old who allegedly harmed PLAINTIFF AE (Exhibit 1), and Third-Party Defendant FFA agreed to take custody of the 17 year old, placing the 17 year old foster brother in the home of Defendants ALEJANDRO PUENTES, and SANDRA CEBALLOS (hereafter referred to as FOSTER PARENTS) referred to in the FAC (Exhibit 1),

12. By accepting custody of the 17 year old foster brother, Third-Party Defendant FFA and Defendants FOSTER PARENTS agreed to comply with the Agreement (Exhibit 2), California Statutes and California regulations governing foster family agencies. Third-Party Defendant FFA agreed to be responsible for providing ongoing supervision and services of the 17 year old foster brother in the home, including ongoing evaluation of the appropriateness of the placement, whether the Defendant FOSTER PARENTS were adequately meeting the needs of the 17 year old. Third-Party Defendant agreed to maintain weekly contact with the 17 year old, agreed to ensure compliance with his case plan, and agreed to provide 64 to 80 hours of in home support counselor to Defendant FOSTER PARENTS.

13. During 2008, without the Third-Party Plaintiffs' knowledge and at all times relevant to the FAC (Exhibit 1), Third-Party Defendant FFA and Defendants FOSTER PARENTS failed to provide and/or ensure attendance at required services under the agreement and under California law, including, counseling, case management, in home support counselor, weekly visits, and supervision of the 17 year old foster brother. Such failures were the proximate cause of the injuries alleged in the FAC (Exhibit 1).

14. On or about September 2008, COUNTY OF TULARE placed PLAINTIFF AE with Third-Party Defendant FFA. FFA placed PLAINTIFF AE with defendants FOSTER PARENTS

pursuant to California Statutes and Regulations governing foster family agencies and the Agreement (Exhibit 2).  In placing PLAINTIFF AE with Defendants FOSTER PARENTS, FFA agreed to be responsible for the safety, security, and care of PLAINTIFF AE, and otherwise agreed to perform case management services that were adequate to meet Plaintiff AE'S needs, and ensured compliance with statutes and regulations governing California Foster Family Agencies. See 22 Cal. Code Reg. §§ 8061, 88063, 88065.3.

15. At all times relevant to this COMPLAINT, Third-Party Defendant  FFA and defendants FOSTER PARENTS failed to meet the needs of the PLAINTIFF AE as required by California Statutes, Regulations and the Agreement (Exhibit 2).  Such failure included but is not limited to failure to timely report unusual occurrences as specified in the FAC, failure to keep the COUNTY OF TULARE employees assigned to Plaintiff AE'S case apprised of the true nature and circumstances occurring at the foster home, failure to provide adequate assessment of high risk behaviors, failure to regularly visit with the PAINTIFF up to and including weekly visits as required by law, failure to respond to unusual occurrences in the home, failure to address inappropriate and or potentially dangerous behaviors of children placed with the FFA,  failure to adequately evaluate the appropriateness of  the placement of both the 17 year old foster brother and the Plaintiff AE with FOSTER PARENTS.  Further, at all times relevant, Third-Party Defendants assured COUNTY OF TULARE employees assigned to Plaintiff AE'S case that the 17 year old did not provide an unusual risk of harm, that the Third-Party Defendants would provide adequate supervision to protect Plaintiff AE, and that the Third-Party Defendants would maintain appropriate level of contact with Plaintiff AE to ensure his safety.  Third-Party Defendants had superior knowledge of the true circumstances surrounding Plaintiff's placement and failed to properly disclose the true facts to Third-Party Plaintiffs.  Such failures were a proximate cause of the injuries sustained by Plaintiff AE as alleged in the FAC.  (Exhibit 2)

16. Third-Party Defendant FFA, its agents and employees, were aware of all facts concerning contact between Plaintiff AE and the 17 year old foster brother, and Defendant FOSTER PARENTS' conduct as contained in the FAC (Exhibit 1) on or before Defendants YADIRA

PORTILLO, COURTNEY WAMPLER and CWA FELIX. At all times relevant, Third-Party Defendants failed to make any changes with respect to Plaintiff AE'S placement.  At all times relevant to this action, Third Party Defendants FFA and Defendants FOSTER PARENTS failed to timely report unusual occurrences as required by California statutes, regulations and the agreement (Exhibit 2).  Such failures were a proximate cause of the injuries alleged in the FAC. (Exhibit 1)

17. At all times relevant, Third-Party Defendant FFA and defendants FOSTER PARENTS had ongoing and superior knowledge of the day to day behaviors of both the 17 year old foster brother and the Plaintiff AE, such that the Third-Party Defendant FFA knew or should have known that the 17 year old foster brother posed a risk of harm to the Plaintiff.  Third-Party Defendants FFA and defendants FOSTER PARENTS failed to and or negligently evaluated the risk of harm that the 17 year old foster brother posed to Plaintiff.  Such failure was a proximate cause of the injuries alleged in the FAC.  (Exhibit 1).

18. Third-Party Defendant FFA, in agreeing to be responsible for placement and supervision of the FOSTER PARENTS, the 17 year old foster brother, and the Plaintiff AE, entered into an agreement thereby creating a special relationship with Plaintiff AE such that it had a duty to protect Plaintiff AE from foreseeable harm.  Based on Third-Party Defendant FFA's superior knowledge, Third-Party Defendant FFA knew or should have known that the 17 year old posed a risk of foreseeable harm, but failed to take action necessary to prevent the harm, including but not limited to providing additional support and/or removing one or both of the foster children identified herein.  Such failure was the proximate cause of the injury alleged in the FAC.

**CAUSE OF ACTION - INDEMNITY**

19. Defendant/Third-Party Plaintiffs allege that the injuries and damages, if any, sustained by the Plaintiff AE at the times and places alleged in the complaint on file herein were a direct and proximate result of the acts, omissions or negligence, and/or breach of contract of FAMILY BUILDERS FOSTER CARE, INC., its agents, officers and employees and not within the knowledge or control of these defendants, and were sustained, if at all, without any negligence or wrongful act or omission on the part of these defendants.

20. At all times relevant herein, Defendants/Third Party Plaintiffs, YADIRA PORTILLO, COURTNEY WAMPLER, and CWA FELIX were employees of the County of Tulare.

21. At all times relevant herein, Third-Party Defendant FFA agreed to indemnify the COUNTY, its agents, officers and **employees** from and against any liability, claims, actions, costs, damages or losses of any kind, including injury arising from, or in connection with, the performance by FFA or its agents, officers, and employees under the Agreement. (Exhibit 2, Paragraph 7) Specifically, the relevant portion of Paragraph 7, entitled INDEMNIFICATION of the agreement states:

> "CONTRACTOR shall hold harmless, defend and indemnity COUNTY, its agents, officers and **employees** from and against all liability, claims, actions, costs, damages or losses of any kind, including death or injury to any person and/or damage to property, including COUNTY property, arising from, or in connection with, the performance by CONTRACTOR or its agents, officers and employees under this Agreement. . . . This indemnification obligation shall continue beyond the term or termination of this Agreement as to any acts or omissions occurring under this Agreement or any extension of this Agreement."  Emphasis added.

22. FAMILY BUILDERS FOSTER CARE, INC. is or will be liable to Defendant Third-Party Plaintiffs wholly or in part for any damages recovered in this action.

**PRAYER**

Therefore, YADIRA PORTILLO, COURTNEY WAMPLER, and CWA FELIX pray for judgment against Third-Party Defendants, FAMILY BUILDERS FOSTER CARE, INC., or any and all sums that may be adjudged against the Defendant in the Plaintiff AE's favor.

Dated: 7/7/11

Respectfully submitted,
KATHLEEN BALES-LANGE
Tulare County Counsel


By: /s/ Judy Chapman
    Judy Chapman
    Deputy County Counsel
    Attorney for Third-Party Plaintiffs

SMC/4/25/2011/2009703/374118.doc