MARK S. POSARD (SBN: 208790)
GEORGE A. ACERO (SBN: 226709)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
mposard@gordonrees.com
gacero@gordonrees.com

Attorneys for Defendants
TULARE YOUTH SERVICES BUREAU and
ADRAIN MARQUEZ (ERRONEOUSLY SUED AT ADRIAN)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, a minor, by and through his Guardian ad Litem, MARIBEL HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, et al.,<br><br>Defendants. | CASE NO. 1:09-CV-02204-LJO-DLB<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff AE, a minor, by and through his Guardian ad Litem, MARIBEL HERNANDEZ ("Plaintiff"), and Defendants YADIRA PORTILLO, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS, SANDRA CEBALLOS, FAMILY BUILDERS FOSTER CARE, TULARE YOUTH SERVICES BUREAU and ADRAIN MARQUEZ (ERRONEOUSLY SUED AT ADRIAN) (collectively "Defendants") through their respective counsel, seek this Court's approval of this Stipulation of Confidentiality and Protective Order.

WHEREAS, pretrial discovery in the above-captioned action (the "Action"), may require disclosure of confidential information and documents, including confidential records of minors, confidential personnel information about employees of a party, or other confidential commercial information (the "Confidential Materials");

WHEREAS, Defendants and Plaintiff (collectively the "Parties") desire to maintain the confidentiality of the Confidential Materials.

-1-
**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**
**CASE NO. 1:09-CV-02204-LJO-DLB**

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this Action, through their respective counsel, as follows:

**CONFIDENTIAL MATERIALS**

1. Each Party to this Action who, in response to a discovery request, or by way of voluntary disclosure, produces or discloses (the "Disclosing Party") any matter, including documents, things, testimony or information which such Party reasonably and in good faith believes to comprise or contain Confidential Materials may designate the same "CONFIDENTIAL." When third party documents are involved, such as documents provided via a subpoena, the parties can also agree to treat the documents as confidential for purposes of this agreement. When third-party documents are involved, the party whom receives these documents from a third party shall be treated as the "disclosing party" for purposes of this protective order.

2. The Disclosing Party shall designate as "CONFIDENTIAL" any information or documents produced in discovery which it asserts in good faith should be protected from disclosure on the grounds that the information constitutes confidential or private information subject to a legally protected right of privacy, including privacy rights protected by the California and United States Constitutions, or any other state or federal law. This order shall not affect any information obtained outside of the discovery process unless the parties agree otherwise. In a case where confidential documents or information is produced in discovery, and such documents or information are also obtained from an independent source, the independently obtained information shall not be subject to this order unless the parties agree otherwise.

3. All information designated as "CONFIDENTIAL" by the Disclosing Party shall not be disclosed by any of the other Parties to any person or entity other than those persons designated herein and, in any event, shall not be used for any purpose other than in connection with the Action. Such information may be disclosed only to the following:

   A.   The Court (subject to provisions for filing under seal, set out below);

   B.   Counsel of record for any Party, including their associates, paralegals, and clerical personnel;

   C.   The Parties, including employees and agents of the Parties;

D. Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, accountants, marketing consultants, financial advisors, statisticians and economists), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation, provided that no such disclosure shall be made to any person employed by any competitor of Defendant, except upon further order of the Court;

E. Any court reporter who takes testimony;

F. A non expert witness or potential witness at or for any deposition or other proceeding in this Action (aside from trial) who may have knowledge of or information concerning matters contained in any "confidential" document;

G. Insurance adjusters, third party claims administrators, and risk managers who are working on this case; and

H. Any other person as to whom the Parties in writing agree.

To the extent any expert consultants, witnesses, or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such summaries shall be subject to the terms of this Protective Order.

4. No disclosure of Confidential Materials designated as "CONFIDENTIAL" by any Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(D), 3(F) or 3(G) unless that person first executes an agreement to be bound by the terms of this Order in the form attached hereto as Exhibit "A." This Order shall be binding upon the Parties, counsel for any Party, and all persons who, pursuant to the preceding sentence, have executed an agreement to be bound by the terms of this Order. Any entity Defendants, and any counsel for the parties, shall take reasonable steps to ensure that any employees who obtain CONFIDENTIAL information do not disclose it. Except as stated otherwise herein (including as stated in paragraph 8), no person or entity upon whom this Order is binding shall use Confidential Materials designated as "CONFIDENTIAL" for any purpose other than in connection with the Action.

5. Counsel shall keep a record of all copies of each "CONFIDENTIAL" document

1  distributed, in whole or in part, to any qualified person.  Any copy so distributed shall be
2  returned to the distributing counsel after the completion of the qualified person's consultation or
3  representation in this action.

4        6.  With respect to documents which the Disclosing Party reasonably believes
5  contain CONFIDENTIAL Materials, the Disclosing Party shall either stamp such documents
6  "CONFIDENTIAL" when delivered or designate categories of documents as
7  "CONFIDENTIAL" and provide a description of the designated categories of the confidential
8  documents at the time of delivery of the confidential documents.  Such documents will also bear
9  a Bates stamp number, or have some other manner of making them readily identifiable.

10       7.  To the extent Confidential Materials or information obtained therefrom are used
11 in the taking of depositions, such documents or information shall remain subject to the
12 provisions of this Protective Order.  On the record at a deposition (with the party clearly defining
13 when the confidential portion starts and ends), a Party may designate as "CONFIDENTIAL" the
14 testimony which discloses information obtained from materials that have been previously
15 designated as confidential.  Confidential portions of deposition transcripts shall be treated in the
16 same manner as any other "document" described in this Order.  During the time a deponent is
17 asked to testify about information marked as "CONFIDENTIAL," the disclosing party or witness
18 shall have the right to exclude from attendance at said deposition any person other than the
19 deponent, the deponent's attorney, counsel of record herein, any expert or consultant (if
20 necessary to the deposition), the court reporter or videographer, interpreter (if necessary to the
21 deposition), or any party to the action (or one representative of the party in the case of entity
22 Defendants).

23       8.  Nothing in this Protective Order shall prevent any Party from disclosing its own
24 Confidential Materials as it deems appropriate.  Such disclosure shall not, in itself, constitute a
25 waiver of the designation of such confidential materials as "CONFIDENTIAL."  Once disclosed
26 to a third party (except disclosure in conjunction with juvenile court proceedings and/or
27 disclosure to third parties necessary for the litigation such as expert witnesses, copying services,
28 a translator, etc.), however, that document will no longer be deemed "CONFIDENTIAL."

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

9. If any Party objects to the designation of any Confidential Materials as "CONFIDENTIAL," the objecting party may request in writing of the Designating Party that such designation be removed. The written request shall be made within 30 days of when the party receives the confidential information and specifically identify the precise material or information at issue. Thereafter, the parties shall, in good faith, meet and confer on the issues raised in the objections. If not resolved via a meet and confer process, the Designating Party may make a motion to seek determination that such a claim of confidentiality or privilege applies within 30 days of service of the objections. If the Designating Party does not make such a motion within 30 days, the material or information at issue shall be deemed non-confidential for purposes of this protective order. The Designating Party shall have the burden of proof to establish the applicability of the claim of confidentiality or privilege. Pending the Court's determination of such issues, documents shall be treated as designated. If a party objects to the designation of any document as confidential, the producing party may, within 15 days, request that the document over which the objections were made be returned. The Party who receives such notice must, within 10 days, return the documents (and any copies) to the producing party. The objecting party can then use any procedure available under the Code of Civil Procedure (including a motion to compel), to again obtain the document over which the objections to the confidentiality status were made.

10. For applications and motions to the Court in which a Party submits confidential documents or information, the moving party shall be required to file a stipulation, motion, or application to seal all documents containing confidential information that are submitted to the Court unless the party reasonably believes the confidential aspect of the information can be fully shielded via redactions. The party seeking to file redactions shall provide five (5) days notice of the nature of the redactions prior to filing, if practicable. The Designating Party shall fully cooperate with the non-designating Party to have the documents or information filed under seal, including by signing a stipulation to that effect. While the party producing the confidential information may have to attempt to submit the documents under seal, it is up to the party designating the information as confidential to provide any briefing necessary to convince the

Court the documents should be sealed. Such briefing may be included in a stipulation or a separate filing submitted to the court regarding the motion/application to seal documents. In the event that a motion or application to file under seal is denied, the Party shall redact confidential information from such documents to the extent such information is unnecessary to the matter being adjudicated.

11. Any court hearing which refers to or describes confidential information may, in the Court's discretion, be in camera.

12. If a Party in possession of Confidential Materials designated as "CONFIDENTIAL" receives a subpoena from a non party to this Protective Order which seeks production or other disclosure of Confidential Materials, it or he shall immediately give written notice to counsel for the Party who designated the Confidential Materials as "CONFIDENTIAL" stating the Confidential Materials sought and enclosing a copy of the subpoena. Where possible, at least 10 days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephonic notice, which includes a voicemail message, is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three (3) business (i.e., non-holiday, weekdays) days to take appropriate action, including seeking judicial relief. The provisions in this paragraph shall not apply to any documents the parties receive from Child Welfare Services. Should any party receive a subpoena, or other legal process, seeking documents obtained from Child Welfare Services, that party is not required to notify the other parties in this case about the request for the documents. However, when documents received from Child Welfare Services are marked confidential pursuant to this protective order, and a party in possession of the Child Welfare Services document receives a request for such documents, that party receiving the request shall indicate to the requesting party that the documents are subject to the terms of the protective order and will only produce the documents if required to do so by law, including where required to do so pursuant to a court order.

13. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such

Confidential Materials or return them to the Disclosing Party. Notwithstanding the foregoing, counsel for each party may retain a record including the following, irrespective of whether or not it contains information designated as CONFIDENTIAL, its correspondence files relating to this litigation, its pleadings files (including all briefs, memoranda, affidavits, and all papers served by and on the party represented), any briefs and appendices on appeal, all legal research memoranda, and all attorney and consultant work product. Such material shall continue to remain subject to the provisions of this agreement. The Parties further agree that their obligations over this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect in perpetuity.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of the right to object to the furnishing of information or documents in response to discovery and the Parties expressly reserve their right to withhold information or documents on the basis of such objections.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to designate information as confidential in this order, shall be construed as a waiver of any claim or defense in this action or a waiver of any rights under the Evidence Code or Code of Civil Procedure. This Order also shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery. Except as expressly provided, this order shall not relieve any party of the obligation to produce information properly sought in the course of discovery where production is required by law.

17. After the date of the Protective Order, if a Party through inadvertence produces or provides discovery of any Confidential Materials without designating it as such in accordance with paragraphs 1, 6 and 7 of this Order, the Disclosing Party may give written notice to the

-7-
**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**
**CASE NO. 1:09-CV-02204-LJO-DLB**

1 Party or Parties that have received the Confidential Materials, within 45 days of the inadvertent
2 disclosure, that the document(s), information, response, testimony, or other discovery are
3 Confidential Materials and should be treated as confidential in accordance with the provisions of
4 this Order.  The Party or Parties that have received the materials must treat the materials as
5 confidential from the date such notice is received and the time to object to the confidential
6 designation begins on that date.  The inadvertent disclosure of any confidential document or
7 information shall not be deemed a waiver of confidentiality (for purposes of this order) as to any
8 other document in which such information may be contained.

9     18.    This protective order shall not apply to any juvenile court documents as defined
10 by California Welfare and Institutions Code § 827 (including copies) that are maintained by a
11 Child Welfare Department, and any records obtained pursuant to a petition filed under California
12 Welfare and Institution Code § 827.  Such documents shall be handled pursuant to a separate
13 court order.

14     19.    The Parties, and any other person subject to the terms of this Order, agree that
15 after this Action is terminated, this Court shall have and retain jurisdiction over him, her, or it for
16 the purpose of enforcing this Order.

17     20.    In the event of any dispute over the terms of this Order, the Parties stipulate and
18 agree that no part of this Order shall be construed against either Party on the basis of authorship.

19 Dated: August 10, 2011                          RODRIGUEZ & ASSOCIATES

21                           By:   /s/ Charles R. Chapman
22                           Daniel Rodriguez
                          Charles R. Chapman
23                           Attorneys for Plaintiff
                          AE, a minor, by and through his Guardian ad
24                           Litem, MARIBEL HERNANDEZ,

27 Dated:  August 10, 2011                        County Counsel for the County of Tulare

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

|   |   |
|---|---|
|   | By: /s/ Judy Chapman, Esq.<br>Judy Chapman, Esq.<br>Deputy County Counsel<br>Attorneys for Defendants YADIRA PORTILLO, COURTNEY WAMPLER, CWA FELIX, HEIDI WILLIAMS (sued as TIFFANY BREEN) |
| Dated: August 10, 2011 | WEST & MIYAMOTO |
|   | By: /s/ Eugene F. West<br>Eugene F. West<br>Attorneys for Defendant SANDRA CEBALLOS |
| Dated: August 10, 2011 | BORTON PETRINI, LLP |
|   | By: /s/ James J. Braze<br>James J. Braze<br>Gail S. Braze<br>Attorneys for Defendant FAMILY BUILDERS FOSTER CARE |
| Dated: August 10, 2011 | GORDON & REES LLP |
|   | By: /s/ George A. Acero<br>Mark S. Posard<br>George A. Acero<br>Attorneys for Defendants TULARE YOUTH SERVICES BUREAU and ADRAIN MARQUEZ |

(Left margin: Gordon & Rees LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111)

1    The parties must comply with Local Rule of Practice for the Eastern District of California

2    RULE 141 (Fed. R. Civ. P. 5.2, 26) (Fed. R. Crim. P. 49, 49.1) which provides:

3    SEALING OF DOCUMENTS
         (a)    Sealing Documents: General Principles. Documents may be sealed only by
4    written order of the Court, upon the showing required by applicable law. To ensure that
     documents are properly sealed, specific requests to seal must be made even if an existing
5    protective order, statute, or rule requires or permits the sealing of the document. Notice
     that a request to seal has been made will typically be filed in the publicly available case
6    file. Unless the Court orders otherwise, court orders sealing documents will also be filed
     in the publicly available case file and will not reveal the sealed information. Access to all
7    documents filed under seal will be restricted to the Court and authorized court personnel.

8        (b)    Requests to Seal. If a party seeks to seal documents, the party shall submit,
     in the manner prescribed below, a "Notice of Request to Seal Documents," a "Request to
9    Seal Documents," a proposed order, and all documents covered by the request.

10       Except in pre-indictment criminal investigations in which sealing is sought,
     the "Notice of Request to Seal Documents" shall be filed electronically, or for
11   nonelectronic filers, shall be submitted on paper to the Clerk for filing by hand delivery,
     by same-day or overnight delivery service provided by a courier, or by U.S. Mail, and
12   shall be served on all parties. The Notice shall describe generally the documents sought
     to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents,"
13   proposed order, and the documents themselves were submitted to the Court, and whether
     the Request, proposed order, and documents were served on all other parties.
14
         Except in criminal pre-indictment matters, the "Request to Seal
15   Documents," the proposed order, and all documents covered by the Request shall be
     either (1) e-mailed to the appropriate Judge or Magistrate Judge's proposed orders email
16   box listed on the Court's website, with the e-mail subject line including the case number
     and the statement: "Request to Seal Documents"; or (2) submitted on paper to the Clerk
17   by hand delivery, by same-day or overnight courier, or by U.S. Mail; the envelope
     containing the Request, proposed order an documents shall state in a prominent manner
18   "Request to Seal Documents." If the Request, proposed order, and documents are
     delivered to the Clerk, the party seeking sealing shall submit a self-addressed, stamped
19   envelope for return of the documents. In either case, the Request, proposed order, and
     submitted documents shall not be filed at this time.
20
         Except in matters in which it is clearly appropriate not to serve the
21   "Request to Seal Documents," proposed order, and/or documents upon the parties, which
     would include criminal pre-indictment matters, all Requests, proposed orders, and
22   submitted documents shall be served on all parties on or before the day they are
     submitted to the Court. See L.R. 135.
23
         The "Request to Seal Documents" shall set forth the statutory or other
24   authority for sealing, the requested duration, the identity, by name or category, of persons
     to be permitted access to the documents, and all other relevant information. If the
25   Request, proposed order, and/or documents covered by the Request were submitted
     without service upon one or more other parties, the Request also shall set forth the basis
26   for excluding any party from service. The documents for which sealing is requested shall
     be paginated consecutively so that they may be identified without reference to their
27   content, and the total number of submitted pages shall be stated in the request.

28       . . .

-10-

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**
**CASE NO. 1:09-CV-02204-LJO-DLB**

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

(c) Oppositions to Sealing Requests. Except in criminal pre-indictment matters, and unless otherwise ordered by the Court, a party may submit an opposition to the "Request to Seal Documents" within three days of the date of service of the "Notice of Request to Seal Documents." The opposition shall be either: (1) e-mailed to the appropriate Judge or Magistrate Judge's proposed orders e-mail box listed on the Court's website, with the e-mail subject line including the case number and statement: "Opposition to Request to Seal Documents"; or (2) submitted on paper to the Clerk by hand delivery, by same-day or overnight courier, in an envelope stating in a prominent manner "Opposition to Request to Seal Documents." The Opposition shall be served on the party or parties requesting sealing and on any other party served with the "Request to Seal Documents." The Opposition shall not be filed at this time.

(d) Orders on Sealing Requests. Unless the Court orders otherwise, following review of a "Request to Seal Documents," the documents sought to be sealed, and any opposition to the Request, the Court will file in the publicly available case file an order granting or denying the Request. The order shall identify the documents for which sealing has been granted or denied by page number without revealing their contents. The Court may file a more detailed ruling under seal. The publicly filed order or the docket shall include a notation that a sealed order has been filed.

(e) Disposition of Documents.

Upon issuance of an order on a sealing request and unless the Court has ordered otherwise, the Clerk will file under seal the request, proposed order, and any opposition. Disposition of the documents covered by the request to seal depends on whether the request is denied or granted.

(1) Denial. If a Request is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied.

(2) Grant. If a Request is granted in full or in part, the disposition of documents to be sealed depends upon whether the requesting party is authorized to file electronically.

(i) Electronic Filer. If the requesting party is authorized to file electronically, then counsel for the requesting party shall either e-mail to the Clerk, at the e-mail address for sealed documents listed on the Court's website, an electronic copy of the documents covered by the sealing order, in .pdf format as an attachment, or submit to the Clerk by hand-delivery, U.S. mail, or same-day or overnight courier, a CD containing a copy of the documents in .pdf format. If submitted by e-mail, the subject line of the e-mail shall include the case number and the body of the e-mail shall identify the order authorizing the sealing of the attached documents. If submitted by hand, U.S. mail, or courier, the envelope containing the CD shall state in a prominent manner: "Sealed Documents" and shall identify the order authorizing sealing. The Clerk will file the documents under seal and will then return to the submitting party any documents submitted by hand, U.S. mail, or courier and any CD.

(ii) Non-Electronic Filer. If the requesting party is not authorized to file electronically, the Court will transmit to the Clerk the documents to be sealed along with the order authorizing sealing. The Clerk will scan the documents to be sealed and file them under seal. The Clerk will then return the documents to the submitting party.

(f) Unsealing Documents. Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed. See Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1.

IT IS SO ORDERED.

Dated: __**August 12, 2011**__              _____/s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE