# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AE, a minor, by and through his Guardian Ad Litem, Maribel Hernandez,<br><br>         Plaintiff,<br><br>    vs.<br><br>YADIRA PORTILLO, et al.,<br><br>         Defendants. | 1:09cv02204 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COURT APPROVAL OF MINOR'S SETTLEMENT<br><br>(Document 224) |

Plaintiff AE, a minor by and through his Guardian Ad Litem Maribel Hernandez, ("Plaintiff"), filed this Motion for Court Approval of a Minor's Settlement on August 22, 2012. The matter was heard on September 28, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. J. Miguel Flores appeared on behalf of Plaintiff. AE and Maribel Hernandez were also present. Eugene West appeared on behalf of Defendant Sandra Ceballos. Judith Chapman appeared on behalf of Defendants Yadira Portillo, Courtney Wampler, CWA Felix and the County of Tulare.

1

## **PROCEDURAL BACKGROUND**

Plaintiff filed the instant civil rights action on December 17, 2009. His complaint arises from allegations that he was physically and sexually assaulted by an older boy while in foster care.

Defendants Portillo, Wampler and Felix filed a Cross-Claim against Defendant Sandra Ceballos and Alejandro Puentes on July 1, 2011, and a Third Party Complaint for indemnity against Family Builders Foster Care, Inc., on July 8, 2011.

After numerous motions to dismiss, amended complaints and a reversal by the Ninth Circuit, Plaintiff filed a Sixth Amended Complaint on April 10, 2012. The Sixth Amended Complaint names Defendants Portillo, Wampler, Felix, Heidi Williams[1] and the County of Tulare, and alleges causes of action for (1) deliberate indifference to the risk of harm in violation of the Fourteenth Amendment against Defendants Portillo, Wampler, Felix, Williams and the County of Tulare; (2) negligence against all Defendants; and (3) defamation and slander against Defendant Ceballos.

On May 31, 2012, Defendant Ceballos filed a motion for summary judgment.

Defendants Portillo, Wampler, Felix, and the County of Tulare filed a motion for summary judgment on June 6, 2012.

On July 11, 2012, prior to the hearings on the motions for summary judgment, Plaintiff and Defendants Ceballos, Portillo, Wampler, Felix and the County of Tulare filed a Joint Notice of Settlement. The notice indicated that the parties had settled all claims at issue.

On August 22, 2012, Plaintiff filed a Motion for Court Approval of a Minor's Settlement. Plaintiff requests that the action be dismissed with prejudice against all Defendants in exchange for a waiver of costs and potential attorneys' fees under 42 U.S.C. §§ 1983, 1988.

---

[1]  Defendant Williams has not appeared in this action and it unclear whether she has been properly served.

On August 27, 2012, Defendants requested that if the Court grants the settlement, that the Third Party Complaint and Cross-Claims be dismissed.

## **DISCUSSION**

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement.  No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
> . . .
>
> (2) . . . The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.  Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor.  The "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires court approval of the fairness and terms of the settlement."  Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.

The present petition includes the information required by this Court's Local Rule 202(b)(2) to address the details of the proposed compromise.[2] AE, a male, was born in 1998. The petition sets forth the causes of action remaining and the Ninth Circuit's detailed summary of factual allegations.

Plaintiff's counsel, Miguel Flores, believes that this is a fair, reasonable settlement that is in the best interests of the minor Plaintiff. Miguel Flores ("Flores Dec."), ¶ 3, 5. He explains that consideration for the proposed settlement was determined by (a) the development of the evidence and facts after extensive discovery; and (b) the desire and necessity to protect Plaintiff from a judgment for costs and possible attorneys' fees under 42 U.S.C. §§ 1983, 1988.

At the hearing, Plaintiff indicated that she understands that she is waiving any of the minor's future claims. She also believes that this settlement is the best course of action. Plaintiff has discussed this with AE, and he understands and agrees.

Based on the above, the Court finds the settlement to be in the best interest of the minor and RECOMMENDS as follows:

1. The Motion for Approval of Settlement of a Minor be GRANTED;

2. This action be DISMISSED WITH PREJUDICE against all Defendants in exchange for a waiver of costs and potential attorneys' fees under 42 U.S.C. § 1983, 1988; and

3. The Third Party Complaint against Family Builders Foster Care, Inc., and Cross-Claim against Defendant Ceballos and Alejandro Puentes be DISMISSED WITHOUT PREJUDICE pursuant to Defendants' request (Document 225).

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 302 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party

---

[2] There is no issue regarding allotment of attorneys' fees because there is no monetary settlement from which to apportion fees.

4

may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

   Dated: **October 15, 2012**　　　　　　　　　　／s／ *Dennis L. Beck*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE